JOHN B. SULLIVAN (State Bar No. 96742)
ERIK KEMP (State Bar No. 246196)
MARY KATE KAMKA (State Bar No. 282911)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>    vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>          Defendant. | Case No. 1:13-cv-00307-LJO-GSA<br><br>**JOINT SCHEDULING REPORT**<br><br>Date:     July 25, 2013<br>Time:    10:00 a.m.<br>Crtrm.:  10 (6th Floor)<br>Judge:  Hon. Gary S. Austin |

Plaintiff Dennis Burton ("Plaintiff" or "Burton") and Defendant Nationstar Mortgage LLC ("Nationstar") submit this Joint Scheduling Report.

On May 13, 2013, the Parties conducted the conference required by Fed. R. Civ. P. 26(f).

## 1.    SUMMARY OF FACTUAL AND LEGAL CONTENTIONS

**PLAINTIFF:** This putative class action challenges Nationstar's failure to modify the loans of borrowers who met all conditions required of them under the Home Affordable Modification Program ("HAMP" or the "Program"). Plaintiff Dennis Burton received a signed permanent modification agreement ("PMA") from Nationstar for a loan on his former house in Bakersfield, California—the final step required under HAMP before the borrower's loan is permanently modified. The PMA had a Modification Effective Date of August 1, 2009, and Nationstar signed it on October 9, 2009, when Burton was still living in the property. But rather than implement the

1   modification as promised in the PMA and required under the Program guidelines, Nationstar took

2   no action on Burton's PMA for several months—in effect "sitting" on the modification documents

3   when it should've been modifying the loan.

4          After nearly 3 months passed without action—and after Nationstar had commenced a

5   Trustee's Sale and breached the PMA by sending Burton a notice declaring him in default and

6   inviting him to apply for a HAMP trial period (wholly ignoring the fact he had already completed

7   a HAMP trial, had obtained a signed PMA, and was simply waiting for Nationstar to get around to

8   putting his modification into effect)—Burton took a job in Colorado in January 2010 in the hopes

9   of earning money to save the house while his wife and their children remained at the Bakersfield

10  residence. Nationstar thereafter seized upon Burton's move as a pre-textual reason to terminate the

11  modification—plainly ignoring its own prior breach that occurred when it failed to permanently

12  modify the loan throughout October, November, and December 2009. Burton ultimately was

13  forced to give the home back to Nationstar, which refused to acknowledge or correct its mistake.

14         Unfortunately Burton is not alone, and Plaintiff anticipates that discovery will reveal that

15  Nationstar has failed to timely modify the loans of numerous similarly situated borrowers. As a

16  result, Nationstar has unlawfully terminated and foreclosed on numerous families whose loans it

17  should've modified.

18         Based on these specific HAMP abuses, the First Amended Complaint sets forth claims for:

19         (I)      breach of contract based on Nationstar's failure to honor Burton and its other
                    borrowers' signed PMAs,
20
           (II)     breach of the implied covenant of good faith and fair dealing based on Nationstar's
21                  failure to honor Burton and its other borrowers' signed PMAs,

22         (III)    promissory estoppel based on representations regarding when the loans would be
                    permanently modified, and
23
           (IV)     fraudulent misrepresentation based on representations regarding when the loans
24                  would be permanently modified.

25         The Amended Complaint requests: (a) an Order certifying this action as a Class Action,

26  appointing Burton as Class Representative and his Counsel as Class Counsel, (b) entering

27  judgment against Nationstar and in favor of Burton and the Class Members for actual and

28  compensatory damages in an amount to be proven at trial, (c) where damages present an

1  inadequate remedy at law on any Count, entering judgment against Nationstar and in favor of

2  Burton and the Class Members for specific performance requiring that Nationstar unwind their

3  foreclosures, permanently modify their loans as promised, and restore them to possession of their

4  wrongfully foreclosed homes covering all attendant fees and costs, (d) awarding punitive damages

5  where available, (e) awarding restitution, (f) awarding damages for emotional pain, suffering and

6  other actual, non-economic damages caused by Nationstar's wrongful and fraudulent actions, (g)

7  enjoining Nationstar's continuous breaches of its PMAs and violations of HAMP directives on all

8  common law claims where available, (h) awarding Plaintiff reasonable attorneys' fees and costs,

9  and (i) awarding such additional relief as the Court deems necessary and just.

10         Nationstar moved to dismiss the initial Complaint, arguing that Burton can only state a

11  claim if he expressly alleges that he lived at the Bakersfield property as of October 9, 2009. The

12  Court, finding that it wasn't clear from the Complaint whether Burton resided at the property as of

13  that date, dismissed 4 claims with leave to Amend (dismissing the unjust enrichment, UCL and

14  CLRA claims with prejudice. Burton's ECOA claim was withdrawn voluntarily.) The Amended

15  Complaint makes clear that Burton resided at the premises until January 2010—well after the date

16  Nationstar should've modified his loan. In any case, given that Nationstar admits that Burton has a

17  valid claim insofar as he can show he was still living at the Bakersfield house on October 9, 2009,

18  the fact that Burton was indeed living there on that date shows that he prevails on his individual

19  claim. Accordingly, the true focus of this case is on whether a class can be certified, with the key

20  issue being numerosity.

21         **DEFENDANT**:  Plaintiff challenges Nationstar's denial of his request for a modification

22  under HAMP.  The Court granted Nationstar's motion to dismiss the original complaint in its

23  entirety, dismissing four of the eight claims with prejudice.

24         Nationstar has answered the amended complaint.  Nationstar generally denies plaintiff's

25  allegations.  Nationstar further denies that the trial period plan or PMA are enforceable contracts.

26         Defendant agrees with plaintiff that the threshold issue in the case is whether a class can be

27  certified in accord with Fed. R. Civ. P. 23.  Defendant has conducted an investigation of its

28  HAMP records to attempt to determine how many customers would fall within plaintiff's

1    proposed class.  While the investigation is not completed, defendant has not yet identified any

2    other putative class members.  Defendant thus believes the facts underlying plaintiff's claims are

3    unique and the case is not appropriate for class treatment.

4              **2.        PROPOSED AMENDMENTS TO PLEADING**

5              **PLAINTIFF**: Plaintiff does not wish to propose any amendments to the pleadings at this

6    time but notes that amendments may be needed to conform the pleadings to the facts obtained

7    during discovery in support of class certification. Plaintiff is further investigating whether another

8    party should be added—Quality Loan Services ("QLS")—which commenced a Trustee's Sale

9    against Burton on Nationstar's behalf in August 2009, the same month of the effective date of the

10   modification. Plaintiff has issued a subpoena to QLS and needs time to obtain and review the

11   requested documents and testimony.

12             **DEFENDANT**:  Nationstar has answered the amended complaint and does not anticipate

13   any further amendments to its pleading at this time.

14             **3.        PROPOSED DEADLINE FOR AMENDMENTS TO PLEADINGS**

15             **PLAINTIFF:** As stated above, amendments may be needed to conform the pleadings to

16   the facts obtained during discovery in support of class certification. Plaintiff is investigating

17   whether Quality Loan Services ("QLS"), which commenced a Trustee's Sale against Burton on

18   Nationstar's behalf in August 2009, the same month of the effective date of the modification,

19   should be added as a Defendant. Plaintiff has issued a subpoena to QLS and needs time to obtain

20   and review the requested documents and testimony. In light of the foregoing, Plaintiff proposes a

21   deadline to add additional Defendants within 90 days of the scheduling conference and a deadline

22   for making any factual corrections related to class certification on the date the certification motion

23   is filed. As for Defendant's claim of prejudice, Nationstar would of course be free to oppose any

24   proposed amendment as being outside the bounds of the lawsuit should Plaintiff attempt to craft

25   such a pleading.

26             **DEFENDANT:** Nationstar proposes that the court set a deadline to amend within 90 days

27   of the scheduling conference.  Allowing amendment until the date any class certification motion is

28   filed, as Burton proposes, would unfairly prejudice Nationstar as it would present a moving target

1   on class certification.  The allegations at issue on class certification need to be settled well in

2   advance of the filing of any motion so the parties can appropriately focus their discovery.

3   **4.      CONTESTED/UNCONTESTED FACTS**

4   **PLAINTIFF:** The parties are presently uncertain of which facts are contested and which

5   facts are uncontested. Generally speaking, Nationstar has indicated that it disputes that the case is

6   amenable to class treatment or that the Plaintiff can succeed on the merits. But that is simply

7   untrue. Plaintiff had a contract—a signed PMA—that states it has an effective date of August 1,

8   2009 and that Nationstar signed on October 9, 2009. Nationstar has argued that Burton must have

9   lived in the Bakersfield house as of October 9, 2009 to have a claim. It is unclear whether

10  Nationstar disputes the date that Burton moved to Colorado, but the evidence will overwhelmingly

11  show that it was in January 2010, well after Nationstar had failed to permanently modify the loan

12  (which was supposed to have occurred, by Nationstar's own admission, by October 9, 2009).

13  Accordingly, Plaintiff maintains that the real issue in this case is whether Nationstar

14  similarly mistreated a class of borrowers who, like Burton, had signed PMAs. Nationstar alone

15  possesses this information and indicates a production will be forthcoming. The notion that

16  Nationstar provides discovery responses instead via this scheduling order (that it has yet to

17  identify another borrower with a signed PMA whose loan it didn't timely modify) is, if anything,

18  suggestive of a lack of diligent inquiry or a misreading of Nationstar's data.

19  **DEFENDANT:**  The facts surrounding plaintiff's individual account are disputed at this

20  time, as discovery has only recently commenced.

21  Defendant agrees with plaintiff that the threshold issue in the case is whether plaintiff can

22  meet the requirements of Fed. R. Civ. P. 23, including numerosity.  Based on its investigation thus

23  far, Defendant does not believe the purported class is sufficiently numerous as it has not yet

24  located any putative class members.  Defendant further denies that certification would be

25  appropriate because, among other reasons, plaintiff's claims necessarily raise a host of individual

26  issues.

27  **5.      UNDISPUTED AND DISPUTED LEGAL ISSUES**

28  **UNDISPUTED:** The Parties do not dispute venue.

**DISPUTED:**

**PLAINTIFF:** Based on Nationstar's Motion to Dismiss, it appears that Nationstar disputes that it had any obligation to modify Burton's loan based on the PMA or any representation contained therein. Plaintiff disagrees, as the overwhelming weight of authority indicates that signed HAMP documents are enforceable contracts. And though Nationstar continues to pretend as if the granting of its motion to dismiss without prejudice was some meaningful victory, the Court plainly held that Burton had a claim so long as he resided in the property as of October 9, 2010—which he did. In sum, Plaintiff believes this case is a textbook class action based on Nationstar's similar mistreatment of borrowers with identical loan documents, with numerosity being the central issue in contention.

**DEFENDANT:**  Although plaintiff continues to disparage Nationstar's motion to dismiss, Nationstar notes again that the motion was granted in its entirety.  The facts surrounding plaintiff's request for a HAMP modification are disputed at this time as discovery has only recently commenced.

Nationstar disputes plaintiff's assertion that the case is appropriate for class treatment. Indeed, based on its investigation thus far, Nationstar has not yet identified anyone who would fall within the putative class plaintiff alleges.  Nationstar thus believes there is significant doubt plaintiff will even be able to satisfy the numerosity criterion of Fed. R. Civ. P. 23.

      **6.**      **STATUS OF MATTERS BEFORE THE COURT**

The Court previously granted Nationstar's motion to dismiss the original complaint.  There are no motions currently pending before the court.

      **7.**      **DISCOVERY PLAN**

      **7(a)**      **Initial Disclosures.**

The parties agree that initial disclosures should be served within 7 days of the scheduling conference.

      **7(b)**      **Firm Cut Off For Non-Expert Discovery**

**PLAINTIFF:** Plaintiff accepts Defendant's proposal for bifurcation between class and merits issues but is concerned that Defendant is again attempting to delay these proceedings.

1  Plaintiff proposes a non-expert discovery cut off of December 6, 2013—two months earlier than

2  Defendant's preferred date. Following a decision on certification, the Court should hold a second

3  conference regarding merits discovery.

4       **DEFENDANT:** Nationstar proposes that the Court bifurcate discovery between class and

5  merits issues. Stage I discovery would focus on whether plaintiff's action meets the requirements

6  of Fed. R. Civ. P. 23 and his individual claims. If a class were certified, Stage II discovery would

7  focus on merits issues related to absent class members' claims for recovery.

8       Defendant proposes that the Court set a cutoff date of February 7, 2014 for non-expert

9  class discovery. Defendant further proposes the Court convene a second scheduling conference

10  after the ruling on plaintiff's motion for class certification to discuss further discovery and

11  scheduling in the case.

12       Nationstar believes plaintiff's proposed schedule is far too truncated and would not allow

13  sufficient time to complete discovery in this action, particularly as plaintiff seeks certification of a

14  nationwide class.

15         **7(c)    Firm Date For Expert Witness Disclosures Under Federal Rule 26(a)(2)**

16       **PLAINTIFF:** Plaintiff proposes the following schedule for certification expert

17  disclosures:

18       Class Certification Experts:   December 23, 2014

19       Rebuttal Experts:          January 20, 2014

20       **DEFENDANT:** Defendant proposes the following schedule for class certification expert

21  disclosures:

22       Class Certification Experts: February 21, 2014

23       Rebuttal Experts:          March 21, 2014

24       Defendant again asserts plaintiff's proposed schedule does not allow the parties sufficient

25  time to complete discovery, particularly considering plaintiff contends he intends to seek

26  certification of a nationwide class.

27         **7(d)    Firm Cut-Off For Expert Witness Discovery**

28       **PLAINTIFF:** Plaintiff proposes that class certification expert discovery be due February

1  17, 2013.

2  **DEFENDANT:** Defendant proposes that class certification expert discovery close on

3  April 25, 2014.

4  **7(e)   Proposed Changes to Discovery Limits**

5  The Parties do not anticipate needing any proposed changes to the discovery limits at this

6  time but reserve the right to request the same should it become necessary based on information

7  obtained during the discovery process. Nationstar proposes that the discovery limitations set forth

8  in the Federal Rules of Civil Procedure and Local Rules should govern unless a party shows good

9  cause for additional discovery.

10  **7(f)   Anticipated Need for a Protective Order**

11  The Parties agree that a protective order is needed relating to the discovery of information

12  relating to a trade secret or other confidential, development, or commercial information. Plaintiff

13  drafted a proposed protective order and sent it to Defendant for review over two months ago, on

14  May 20, 2013 but has not received any response. Defendant is reviewing the protective order and

15  will advise of its revisions.

16  **7(g)   Any Issues Related To The Timing, Sequencing, Phasing of Discovery**

17  **PLAINTIFF**: The main issue in this case asks how many people had signed PMAs (like

18  Burton) but didn't get their loans permanently modified by their respective effective dates (also

19  like Burton). Once that information is known, and once Nationstar's methodology for tracking

20  such information is verified, the Court will be able to determine whether what happened to Burton

21  is a "one off" or if there is an ascertainable class. After that, the "merits" portion of the case is

22  straightforward, because if the class members can enforce their PMAs it means that Nationstar

23  breached them by failing to timely permanently modify their loans.

24  Notwithstanding Plaintiff's acceptance of Nationstar's bifurcation proposal, to accurately

25  model class damages Plaintiff will require a simple random sample of 200 borrowers with signed

26  PMAs whose loans were not permanently modified. Plaintiff agrees that the Parties can work to

27  prioritize discovery such that it is focused on the ability to objectively ascertain the existence of

28  other class members.

**DEFENDANT:**  Defendant believes the Court should bifurcate discovery between class and merits issues for the reasons explained above.  Now that defendant has answered, defendant further agrees that class discovery should initially focus on whether plaintiff can meet the numerosity element of Fed. R. Civ. P. 23

Defendant has conducted an investigation as to whether it would be possible to provide plaintiff the requested sampling regarding certain class members.  As of this date, Defendant has not identified any other customers that fall within plaintiff's class definition.  Accordingly, Defendant is currently unable to provide any "random samples" of customers who signed permanent modifications but whose loans were not permanently modified.  Defendant further believes there is significant doubt whether plaintiff can meet Rule 23's numerosity criterion.

7(h)     **Discovery Outside the United States**

Neither party anticipates the need to take discovery outside the United States.

**7(i)     Video Or Sound Recording Of Depositions**

Plaintiff expects to use video recording for depositions of Nationstar's executives and other witnesses.  Defendant reserves the right to take video depositions if it so chooses.

**7(j)     Mid-Discovery Status Report**

**PLAINTIFF:** Plaintiff proposes Thursday, October 3, 2013 for a Mid-Discovery Status Report and Conference so that the Parties can apprise the Court of any discovery issues.

**DEFENDANT:**   Defendant proposes that the Court set a mid-discovery status conference within 30 days of the Court's ruling on plaintiff's motion for class certification.

**8.     DISCOVERY RELATED TO ELECTRONIC DATA**

**PLAINTIFF:** It is Plaintiff's position that Nationstar did not properly investigate these matters prior to the 26(f) conference as required. Nationstar's counsel was unable or unwilling to provide information about Nationstar's information management system and had not reviewed Nationstar's computer files in order to ascertain their contents. It appeared that even a basic investigation was not conducted prior to the conference.

Plaintiff believes that e-discovery will be central to this litigation. Nationstar does not manage its loan modification applications by hand—rather, Nationstar utilizes a computer system

1  that requires dates be entered when specific events occur. Using such data, Plaintiff will be able to

2  show that Nationstar serially failed to modify its borrower's loans on the dates that it executed

3  their signed agreements, and thus breached its signed PMAs. Nationstar's assertion that e-

4  discovery will be a non-factor unless Plaintiff can demonstrate numerosity plainly has it

5  backwards.

6      **DEFENDANT:**  Nationstar denies plaintiff's allegations.  Nationstar has implemented a

7  litigation hold and communicated it to pertinent custodians.  Nationstar so communicated these

8  facts to plaintiff at the Rule 26(f) conference.  Plaintiff's argument suggests Nationstar was

9  obliged to determine on its own which documents plaintiff would seek in discovery before the

10 parties met and conferred or any discovery was served.

11     Nationstar does not believe e-discovery will be significant in this matter, particularly as its

12 investigation thus far shows that plaintiff cannot meet the numerosity element of class

13 certification.

14     **8(A)    Duty to Notify**

15     **PLAINTIFF:** Plaintiff notified Nationstar of its intention to seek discovery of computer-

16 based information and identified the categories of information sought including the computer

17 software programs and hardware that Nationstar uses to handle, process, and decision its

18 customers through HAMP, evaluate its borrowers' eligibility, and track its performance under the

19 Program, together with any associated emails, audits, and reporting. Defendant was not prepared

20 to discuss such programs and systems as of the conference. And though Nationstar now claim that

21 it is prepared to discuss "reasonable e-discovery protocols, if necessary", to date it has rejected

22 requests to schedule such a meet and confer to discuss other discovery matters until after Plaintiffs

23 review Nationstar's eventual production and provide a detailed discovery letter outlining every

24 issue Plaintiff finds with it. While such a position would serve Nationstar's effort to delay this

25 matter, there is plainly no need to forestall obviously necessary e-discovery discussions.

26     **DEFENDANT**:  Nationstar denies that it was "not prepared" to discuss plaintiff's

27 discovery.  It simply took the position discovery should be stayed pending resolution of its motion

28 to dismiss, which was subsequently granted in its entirety.

1   Nationstar has implemented a litigation hold and communicated it to pertinent custodians

2   and so advised plaintiffat the 26(f) conference.  Plaintiff's argument suggests Nationstar was

3   obliged to determine on its own which documents plaintiff would seek in discovery before the

4   parties met and conferred or any discovery was served.  While defendant does not believe e-

5   discovery will be a significant issue in this case, it is prepared to meet and confer with Plaintiff

6   about reasonable e-discovery protocols, if necessary.

7               **8(B)      Duty to Meet and Confer**

8                  **8(B)(i) Computer-based information (in general)**

9       **PLAINTIFF:** Plaintiff requested that Defendant describe the steps taken to ensure

10  evidence is being preserved, particularly evidence with respect to Nationstar's signing of PMAs

11  and data regarding its conversion of such borrowers to permanent loan modifications. Defendant

12  refused to describe any preservation efforts other than to assure that counsel served a standard

13  "litigation hold." Plaintiff respectfully believes that this is insufficient, particularly in light of

14  Defendant's prior desire to have discovery stayed and repeated attempts to delay the case. Unless

15  custodians with relevant knowledge regarding Nationstar's signing of PMAs and conversions are

16  promptly identified and measures are in place to preserve their information, Defendant's position

17  presents the risk that such information will be destroyed.

18      **DEFENDANT:**  Nationstar disputes plaintiff's characterization of the parties' Rule 26(f)

19  conference discussions.  As indicated above, defendant has implemented a standard litigation hold

20  and communicated it to pertinent custodians.  Defendant so advised plaintiff of the litigation hold

21  at the Rule 26(f) conference.

22      Plaintiff appears to be arguing Nationstar was obliged to inform him of potential

23  custodians before he propounded any other discovery or otherwise identified what information he

24  believed was necessary for discovery.  While defendant does not believe e-discovery will be a

25  significant issue in this case, it is prepared to meet and confer with plaintiff about reasonable e-

26  discovery protocols, if necessary.

27               **8(B)(ii)      Email Information**

28      **PLAINTIFF:** As with its preservation duties, Defendant would not discuss the production

1   of emails. Plaintiff believes that Nationstar should be required to identify custodians who are

2   likely to have ESI and emails regarding Nationstar's signing of PMAs and its conversion of such

3   borrowers to permanent modification. This would include the email of any key personnel with

4   information central to the process Nationstar employs to convert such borrowers to permanent

5   modifications. As for Nationstar's position that e-discovery isn't needed because Burton's claim

6   rest upon "unique facts," in reality, Burton needs e-discovery to verify whether this is in fact true.

7   Defendant's position suggests that it has not performed a basic inquiry into its own data.

8        **DEFENDANT:**  Nationstar again disputes plaintiff's characterization of the Rule 26(f)

9   conference.  Nationstar does not believe the production of emails or other e-discovery will be

10  significant to this case, particularly given that its investigation shows plaintiff's claims rest on

11  unique facts and that plaintiff will be unable to establish numerosity in this action.  Plaintiff's

12  contrary argument again assumes Nationstar was obligated to guess the items on which he would

13  seek discovery before the parties met and conferred.

14                      **8(B)(iii)        Deleted Information**

15       **PLAINTIFF:**  As with other ESI discussions, Defendant refused to engage in a

16  meaningful discussion regarding deleted information. Plaintiff's position is that Nationstar should

17  provide information about whether or not there is deleted information that needs to be restored.

18       **DEFENDANT:**  Nationstar against disputes plaintiff's characterization of the parties'

19  Rule 26(f) conference discussion.  As noted above, Nationstar has implemented a standard

20  litigation hold and so advised plaintiff at the Rule 26(f) conference.  Plaintiff again assumes

21  Nationstar was required to guess what discovery he was seeking before the parties met and

22  conferred or any discovery was served.  Plaintiff's allegations of destruction of electronic

23  information are unsubstantiated.  Nationstar is not presently aware of any information plaintiff has

24  requested in discovery that has been deleted and would potentially need to be restored.

25       As also noted above, Nationstar does not believe the production of emails or other e-

26  discovery will be significant to this case, particularly given that its investigation shows plaintiff's

27  claims rest on unique facts and that plaintiff will be unable to establish numerosity in this action.

28

1   **8(B)(iv)      Back-up data**

2   **PLAINTIFF:**  On this issue as well Defendant was not prepared and refused to discuss the

3   need for back-up data. Nationstar should engage in the inquiry required under the Rules and

4   provide information about whether or not there is information that needs to be backed-up.

5   **DEFENDANT:**  Nationstar again disputes plaintiff's allegations.  Nationstar does not

6   believe e-discovery will be a significant issue in this case for the reasons already discussed.

7   Nationstar is not presently aware of any relevant information thus far that is contained solely on

8   back-up tapes.  To the extent any relevant information is stored solely on backup tapes, Nationstar

9   is prepared to meet and confer with plaintiff if and when those issues arise.

10   **9.      DATES AGREED TO BY ALL COUNSEL**

11   **9(a)      Filing Non-Dispositive and Dispositive Motions**

12   **PLAINTIFF:** Plaintiff proposes the following deadlines for non-dispositive motions:

13   Plaintiff's motion for class certification:        March 17, 2014

14   Defendant's opposition to motion for class certification:      April 14, 2014

15   Plaintiff's reply in support of motion for class certification: May 5, 2014

16   Plaintiff agrees that the Court should convene a second conference to discuss the

17   scheduling of dispositive motions after the Court decides plaintiff's motion for class certification.

18   In the event the Court were inclined to schedule a dispositive motion at this time, Plaintiff

19   suggests the deadline for dispositive motions be no later than September 12, 2014

20   **DEFENDANT:**  Nationstar believes plaintiff's proposed schedule does not give the parties

21   sufficient time to litigate a nationwide putative class action.  Assuming a class were certified,

22   which Nationstar disputes would be proper, plaintiff would be obligated to give notice to absent

23   class members and afford them an opportunity to opt out of the class before any dispositive

24   motion could be filed.  In light of these considerations, Defendant suggests the following schedule

25   on non-dispositive motions:

26   Plaintiff's motion for class certification:        May 12, 2014

27   Defendant's opposition to motion for class certification:      June 9, 2014

28   Plaintiff's reply in support of motion for class certification: June 23, 2014

1    Nationstar further suggests the Court convene a second conference to discuss the

2   scheduling of dispositive motions after the Court decides plaintiff's motion for class certification.

3   In the event the Court were inclined to schedule a dispositive motion at this time, defendant

4   suggests the deadline for dispositive motions be no earlier than November 14, 2014.

5    **9(b)    Pre-Trial Conference**

6    **PLAINTIFF:** Plaintiff's position is that the pre-trial conference can be set for any date

7   following the Court's ruling on summary judgment. To the extent a date must be set at this time,

8   Plaintiff proposes a date in November 2014.

9    **DEFENDANT:**  Defendant believes it is appropriate to defer setting a pretrial conference

10  at this time until after a ruling is issued on plaintiff's motion for class certification, since the

11  Court's decision on class certification would substantially affect the length of any trial.  If the

12  Court is inclined to set a pretrial conference at this time, defendant respectfully requests that it be

13  set no earlier than January 2015.

14   **9(c)    Trial Date:**

15   **PLAINTIFF:** Plaintiff's position is that the trial can be set for any date following the

16  Court's ruling on summary judgment and will last approximately 14 days. Plaintiff is amenable to

17  a trial at any time after November 2014.

18   **DEFENDANT:**  Defendant believes the Court should defer setting any trial date until after

19  the ruling on plaintiff's motion for class certification, since the Court's decision on class

20  certification would substantially affect the length of any trial.  In the event the Court is inclined to

21  set a trial date now, Defendant respectfully suggests it be set no earlier than February 2015.

22  **10.    SETTLEMENT DISCUSSIONS**

23   **PLAINTIFF:** Both sides indicated at the conference that settlement discussions would not

24  be fruitful at this time, at least not before a decision on class certification. Though Nationstar is

25  now of the belief that Burton's claims present a "one off", Plaintiff's position is that the Defendant

26  does not fully understand or appreciate the seriousness of its wrongdoing and that discovery into

27  both: (1) how Nationstar has determined there are no other class members, and (2) how Nationstar

28  has digitally tracked the progress of its customers' HAMP applications, trial plans, and permanent

modifications is needed before Plaintiff can approach an individualized settlement.

**DEFENDANT:**  Defendant is open to considering any settlement proposal Burton may wish to make to settle his individual claim.  Since Defendant's investigation thus far shows the facts underlying Burton's claim are unique, Defendant believes it would make sense for both parties to consider settlement now before expending further resources in this case.

**11.     JURY OR NON-JURY CASE**

Both Parties agree that a jury is available on all common law claims.

**12.     TRIAL LENGTH**

**PLAINTIFF:**  Plaintiff believes that a trial will require 14 days.

**DEFENDANT:** Defendant believes the length of trial would greatly vary depending on whether the Court certifies a class.  A trial of plaintiff's individual claims would likely take no more than 2-3 days.  Defendant estimates a trial of a certified class claims would take 6-10 days.

**13.     REFERRAL TO MAGISTRATE**

**PLAINTIFF:** Plaintiff consents to a referral to a U.S. Magistrate Judge, particularly in light of Judge O'Neill's comments in his Order regarding such a referral.

**DEFENDANT:**  Defendant does not consent to a referral to a U.S. Magistrate Judge.

**14.     BIFURCATION OR PHASING OF TRIAL**

**PLAINTIFF:** As explained above in § 7(g), Defendant proposes bifurcation between class and merits issues with respect to discovery. Plaintiff agrees not to oppose such bifurcation. With respect to trial, no phasing is anticipated at this time, though Plaintiff would oppose Defendant's premature motion *in limine* to exclude evidence of its financial position, particularly as it profits from dispossessing borrowers of their homes.

**DEFENDANT:**  Defendant anticipates seeking bifurcation at trial of any evidence regarding its wealth or income in the event plaintiff intends to pursue any claims that might permit punitive damages.

**15.     RELATED CASES**

At this time, neither party is aware of any related matters pending in this court or any other court.

1    DATED:  July 17, 2013                    Respectfully submitted,

2                                             SEVERSON & WERSON
                                              A Professional Corporation
3

4

5                                             By:        /s/ Mary Kate Kamka
                                                        _____
6                                                        Mary Kate Kamka

7                                             John B. Sullivan (State Bar No. 96742)
                                              Erik Kemp (State Bar No. 246196)
8                                             Mary Kate Kamka (State Bar No. 282911)
                                              Severson & Werson, A Professional Corporation
9                                             One Embarcadero Center, Suite 2600
                                              San Francisco, CA 94111
10                                            Telephone:  (415) 398-3344
                                              Facsimile:   (415) 956-0439
11                                            Email: jbs@severson.com
                                              Email: ek@severson.com
12                                            Email: mkk@severson.com

13
                                              Attorneys for Defendant  NATIONSTAR MORTGAGE
14                                            LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED:  July 17, 2013                         Respectfully submitted,

2                                                  EDELSON LLC

3

4                                                  By:      /s/ Steven Woodrow

5                                                          Steven Woodrow

6                                                  Steven L. Woodrow (*Pro Hac Vice admission sought*)
                                                   Megan Lindsey (*Pro Hac Vice admission sought*)
7                                                  EDELSON LLC
                                                   350 North LaSalle Street, Suite 1300
8                                                  Chicago, Illinois 60654
                                                   Telephone: (312) 589-6370
9                                                  Facsimile:  (312) 589-6378
                                                   Email: swoodrow@edelson.com
10                                                 Email: mlindsey@edelson.com

11
                                                   Sean P. Reis (SBN 184044)
12                                                 30021 Tomas Street, Suite 300
                                                   Rancho Santa Margarita, California 92688
13                                                 Telephone: (714) 352-5200
                                                   Facsimile: (714) 352-5201
14                                                 Email: sreis@edelson.com

15
                                                   Attorneys for Plaintiff DENNIS BURTON
16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                 JOINT SCHEDULING REPORT

1

## PROOF OF SERVICE

2        At the time of service, I was over 18 years of age and not a party to this action.  I am

3 employed in the County of San Francisco, State of California.  My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

4        On July 17, 2013, I served true copies of the following document(s):

5
## JOINT SCHEDULING REPORT

6 on the interested parties in this action as follows:

7 Sean Patrick Reis                Tel:  (949) 459-2124
EDELSON MCGUIRE, LLP       Fax: (949) 459-2123

8 30021 Tomas Street, Suite 300       E-mail: sreis@edelson.com
Rancho Santa Margarita, CA 92688

9                                 Attorneys for Plaintiff Dennis Burton

10     **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the

11 document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case

12 who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

13        I declare under penalty of perjury under the laws of the United States of America that the

14 foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15        Executed on July 17, 2013, at San Francisco, California.

16

17

Angela D. Eure

18

19

20

21

22

23

24

25

26

27

28