1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS BURTON, on behalf of
himself and all others similarly
situated,

                    Plaintiff,

      vs.

NATIONSTAR MORTGAGE, LLC.,

                Defendants.
_____/

CASE NO. CV F 13-0307 LJO GSA

**ORDER ON PLAINTIFF'S F.R.Civ.P. 12(f)
MOTION TO STRIKE AFFIRMATIVE
DEFENSES**
(Doc. 24)

## PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL

      Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters.  This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff.  The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.  The parties are required to consider, and if necessary, to reconsider consent to one of the Court's U.S. Magistrate Judges to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.  A Magistrate Judge consent form is available on this Court's website.

Judge O'Neill must give criminal cases priority over civil cases and trials and must proceed with criminal trials even if a civil action is older or its trial was set earlier. Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters.  Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial.  If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice.  Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.  Case management difficulties, including trial setting and interruption, are avoided if the parties consent to conduct of further proceedings by a U.S. Magistrate Judge.

## INTRODUCTION

Plaintiff Dennis Burton seeks to strike as insufficiently pled and barred legally defendant Nationstar Mortgage LLC's ("Nationstar's") 20 affirmative defenses in Nationstar's answer to Mr. Burton's First Amended Class Action Complaint for Damages and Injunctive Relief ("FAC").  Nationstar contends that its affirmative defenses are legally sufficient to render Mr. Burton's motion to strike unwarranted and "an unnecessary expenditure of both the parties and the Court's resources." This Court considered Mr. Burton's F.R.Civ.P. 12(f) motion to strike on the record and VACATES the September 5, 2013 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court STRIKES 13 affirmative defenses but GRANTS leave to amend them.

## BACKGROUND

Nationstar serviced Mr. Burton's property loan and entered into an agreement with Mr. Burton to modify Mr. Burton's loan under the Home Affordable Modification Program ("HAMP").  Mr. Burton is a current Colorado citizen and formerly resided at the property. Nationstar determined that Mr. Burton's failure to reside on the property rendered the property not owner occupied to invalidate the loan modification. Nationstar foreclosed on the property.

The FAC alleges breach of contract and fraud claims that Nationstar wrongfully refused to modify permanently Mr. Burton's and similarly situated borrowers' loans as required under HAMP although Mr. Burton and the other borrowers were qualified and satisfied HAMP requirements for permanent loan modification. The FAC seeks to pursue claims for a proposed class of "all homeowners nationwide who had executed permanent modifications agreements ('PMAs') with Nationstar from January 2008 through the present whose PMAs Nationstar refused to honor by permanently modifying the borrowers' loans."

Nationstar's Answer to Burton's First Amended Complaint ("answer") alleges 20 affirmative defenses summarized as follows:

1.    (First) failure to state a cause of action in that the FAC fails to state sufficient facts for a claim;

2.    (Second) uncertainty in that the FAC fails to describe claims with sufficient certainty;

3.    (Third) failure to mitigate in that Mr. Burton's damages resulted from his failure to mitigate damages;

4.    (Fourth) waiver and estoppel in that Mr. Burton's conduct waived his right to seek relief and estopped his recovery;

5.    (Fifth) laches in that Mr. Burton's claims are barred by the doctrine of laches;

6.    (Sixth) statute of limitations in that Mr. Burton's claims are barred by limitations periods under California Code of Civil Procedure sections 335.1, 337(1), 338(b), 338(d), 339(1) and 343;

7.    (Seventh) immunity in that Nationstar is immune from Mr. Burton's claims;

8.    (Eighth) failure to satisfy conditions precedent to bar Mr. Burton's claims;

9.    (Ninth) unclean hands in that Mr. Burton's claims are barred by the doctrine of unclean hands;

10.    (Tenth) voluntary payment in that the Mr. Burton voluntarily paid monies he owed to Nationstar;

11.    (Eleventh) failure to state a punitive damages claim in that the FAC lacks

sufficient facts to support punitive damages;

12.     (Twelfth) procedural due process in that seeking punitive damages violates Nationstar's rights to procedural due process under the Fourteenth Amendment;

13.     (Thirteenth) consent/ratification in that Mr. Burton consented to Nationstar's conduct and ratified it;

14.     (Fourteenth) reasonably available alternatives in that Mr. Burton failed to exercise alternatives to avoid alleged damages;

15.     (Fifteen) accord and satisfaction/novation in that by agreements putative class members waived rights to pursue claims to constitute modification of home loan agreements or novation or an accord and satisfaction of the agreements;

16.     (Sixteenth) privilege in that Nationwide's good faith assertion of its economic interests is privileged;

17.     (Seventeenth) comparative fault in that Mr. Burton's recovery is barred or reduced in proportion to his comparative fault;

18.     (Eighteenth) discharge of obligations in that Nationstar discharged its duties;

19.     (Nineteenth) compliance with governing law in that Nationstar's compliance with statutes, rules and regulations governing HAMP preclude Nationstar's liability; and

20.     (Twentieth) no tender that Mr. Burton lacks standing to challenge the property's trustee's sale in the absence of his tender or offer to tender his debt.

## DISCUSSION

### F.R.Civ.P. 12(f) Motion To Strike Standards

Mr. Burton seeks to strike all of the answer's affirmative defenses as insufficiently pled and legally barred.

F.R.Civ.P. 8(c)(1) addresses affirmative defenses and requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense."   F.R.Civ.P. 12(f) empowers a district court to "strike from a pleading an insufficient defense."   "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."   *Fantasy, Inc. v.*

*Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation, and first alteration omitted), *rev'd on other grounds by  Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).   A motion to strike is properly granted if it will make trial less complicated or else eliminate delay, serious risks of prejudice to the moving party, or confusion of the issues. *Fantasy, Inc.*, 984 F.2d at 1527.

F.R.Civ.P. 8(b)(1)(A) requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it."   An affirmative defense may be stricken as insufficient either as a matter of law or as a matter of pleading. *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). Legal insufficiency means that the affirmative defense lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility LLC*, 657 F.Supp.2d 1140, 1150 (N.D.Cal.2009), *rev'd on other grounds by* 474 Fed. Appx. 515 (2012). Pleading insufficiency means a failure to provide the plaintiff with fair notice. *Kohler*, 280 F.R.D. at 565.  "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense."  *Kohler,* 280 F.R.D. at 564.   In all averments of fraud, including affirmative defenses, the circumstances constituting the fraud must be stated with particularity.  *Multimedia Patent Trust v. Microsoft Corp.,* 525 F.Supp.2d 1200, 1210-1211 (S.D. Cal. 2007).

The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief.  *See  Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n. 4 (9th Cir.1988), *cert denied*, 492 U.S. 906, 109 S.Ct. 3216 (1989). "If the court determines that an affirmative defense is insufficiently pled, it may strike the defense and require the defendant to file an amended pleading that includes more specific allegations. Leave to amend will be freely granted so long as no prejudice results to the moving party." *Dodson v. Munirs Co.,* 2013 WL 3146818, at 8 (E.D. Cal. 2013).

With these standards in mind, this Court turns to Mr. Burton's challenges to the affirmative defenses.

### **Insufficient Pleading**

Mr. Burton faults all of the answer's affirmative defenses as insufficiently pled under

F.R.Civ.P. 8.

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement,' Fed.R.Civ.P. 8(a), of the defense." *Heller Financial, Inc. v. Midwhey Power Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979). The "Ninth Circuit has continued to recognize the 'fair notice standard' set forth in *Wyshak*, 607 F.2d at 827, in determining the sufficiency of an affirmative defense." *Pickern v. Chico Steakhouse, LP,* 2013 WL 4051640, at *2 (E.D. Cal. 2013) (citing *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir.2010)). A fellow judge of this Court has explained:

> . . . as the court recognized in *Kohler*, 280 F.R.D. at 566, the Supreme Court's analysis in *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 679, was limited to pleadings under Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that the party stating a claim for relief provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In contrast, Rule 8(c), which governs affirmative defenses, requires only that the responding party "affirmatively state" its affirmative defenses. Fed. R. Civ. P. 8(c). In making this distinction, the *Kohler* court stated that "[f]actual plausibility—which is the key difference between *Twombly/Iqbal* pleading and 'fair notice' pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show[ ]' that it is entitled to relief." *Kohler*, 280 F.R.D. at 566 (quoting *Iqbal*, 556 U.S. at 679). Thus, "[a]pplying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Id.* (citing 550 U.S. at 569 n. 14).

*Pickern, LP*, 2013 WL 4051640, at *3

An affirmative defense which "simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case" is insufficient to provide fair notice. *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.,* 2011 WL 3809933, at *2 (C.D. Cal. 2011). "[B]are bones conclusory allegations" fail to satisfy requirements to plead affirmative defenses. *Heller Financial, Inc. v. Midwhey Powder Co.,*

*Inc.,* 883 F.2d 1286, 1295 (7th Cir. 1989).  The "burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended."  *CTF Development, Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *8 (N.D. Cal. 2009).

Mr. Burton characterizes the answer's affirmative defenses as "bare bones" and "formula-like" recitations of legal doctrines without facts to render them insufficient.  Mr. Burton particularly faults the (fifteenth) accord and satisfaction/novation defense which although based on waiver, estoppel, modification, novation and accord and satisfaction but fails to plead supporting facts and to provide examples of purported agreements to base the defense.

Nationstar urges this Court to apply the "fair notice" standard to its affirmative defenses and argues that its affirmative defenses satisfy such standard.  As to the (fifteenth) accord and satisfaction/novation defense, Nationstar contends that it permissibly raises alternative theories to address potential differing agreements between Nationstar and potential class members.

This Court agrees with Mr. Burton that the following affirmative defenses are bare bones conclusions lacking facts to connect them to the FAC's claims:  (third) failure to mitigate, (fourth) waiver and estoppel, (fifth) laches, (sixth) statute of limitations, (seventh) immunity, (eighth) failure to satisfy conditions, (ninth) unclean hands, (twelfth) procedural due process, (thirteenth) consent/ratification, (fourteen) reasonably available alternatives, (fifteenth) accord and satisfaction/novation, (sixteenth) privilege, and (nineteenth) compliance with government law.  These affirmative defenses are merely legal conclusions or theories lacking reference or facts to explain their application to the FAC's claims.  As such, they are subject to striking with leave to amend.

**Improper Affirmative Defenses**

Mr. Burton characterizes as improper the following affirmative defenses: (first) failure to state a claim, (second) uncertainty, (eighth) failure to satisfy conditions precedent, (ninth) unclean hands, (eleventh) failure to state punitive damages, (eighteenth) discharge of obligations, and (nineteenth) compliance with governing law (collectively the "denial

defenses").   Mr. Burton reasons that the denial defenses are improper because they attack elements of the FAC's claims and the sufficiency of the FAC's pleading.

"The affirmative defense is a descendant of the old plea of 'confession and avoidance,' whereby a defendant admits the plaintiff's prima facie case, and then alleges additional material that defeats the plaintiff's cause of action." *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 487 F.Supp.2d 1099, 1112 (N.D. Cal. 2007). Affirmative defenses have thus been defined as "matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *FDIC v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987).

Mr. Burton argues that an affirmative defense which "challenges plaintiff's prima facie case" is improperly raised as an affirmative defense to warrant its striking. *See J & J Sports Productions, Inc. v. Gidha,* 2012 WL 537494, at * 2 (E.D. Cal. 2012).   Mr. Burton argues that the denial defenses fail to accept the FAC's allegations as true and set forth new matter to justify Nationstar's conduct.  Mr. Burton attacks the denial defenses as challenging elements of the FAC's claims "without requiring Nationstar to carry the burden of proof, as required for affirmative defenses."

Nationstar responds that a "negative" or denial defense labeled as affirmative is not subject to striking "if no prejudice would result from leaving it in the answer."  "Denials that are improperly pled as defenses should not be stricken on that basis alone." *Weddle v. Bayer AG Corp.,* 2012 WL 1019824, at *4 (S.D. Cal. 2012).  Nationstar points to *Kohler,* 280 F.R.D. at 567, where a fellow district judge observed:

> Negative defenses may also be raised in [defendant's] answer. *See* Fed.R.Civ.P. 8(b). In fact, Rule 12(b) permits [defendants'] to assert these exact defenses by motion or in the responsive pleading. The Court fails to see how identifying a defense as "affirmative," when in actuality it is not, makes that defense legally insufficient.

Nationstar concludes that in the absence of prejudice to Mr. Burton, striking the denial defenses will "serve no purpose other than to encourage the filing of other unnecessary motions like this one that compel the expenditure of time and resources litigating irrelevant issues."

This Court above addressed the (eighth) failure to satisfy conditions precedent, (ninth)

unclean hands, and (nineteenth) compliance with governing law defenses and need not address them again.   As to the other denial defenses, Mr. Burton demonstrates no prejudice.   Mr. Burton is charged with establishing the FAC's claims.   The denial defenses raise grounds which Nationwide may pursue to challenge elements of the FAC's claims.   Characterizing the denial defenses as other than affirmative does not support their striking.

**Legally Insufficient Defenses**

Mr. Burton challenges the (sixth) limitations and (twentieth) no tender defenses as "legally inadequate" in the absence of any set of facts to support them.

An "affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"  *Kohler*, 280 F.R.D. at 564 (quoting *McArdle*, 657 F.Supp.2d at 1149–50). A defense is legally insufficient if in the absence of factual and legal issues, the defense is unable to succeed under any set of circumstances.   *See Ganley v. County of San Mateo,* 2007 WL 902551, at 1,  (N.D. Cal. 20070.

*Limitations Defense*

Mr. Burton argues that the answer cites no applicable limitations defense in that the cited limitations periods refer to an "action for assault, battery, or injury to, of for the death of, an individual caused by the wrongful act or neglect of another" (Cal. Civ. Code, § 335.1), "damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property" (Cal. Civ. Code, § 337(1)), and an "action for trespass upon or injury to real property" (Cal. Civ. Code, § 338(b)).  Mr. Burton notes that California Civil Procedure section 339(1) does not apply because the FAC's claims rest on a fully executed permanent modification agreement, not an oral contract.  Mr. Burton continues that California Code of Civil Procedure section 338(d)'s limitations period for fraud or mistake does not apply because the FAC relies on Nationstar's termination letter dated March 7, 2010, which is less than three years prior to the March 4, 2013 filing of this action.  Mr. Burton concludes that since this action satisfies a three-year limitations period, it likewise meets the four-year limitations period of California Code of Civil Procedure section 343 for relief not otherwise provided.

Nationstar responds that Mr. Burton seeks resolution of limitations defenses factually

and legally, which is unavailable at this pleading stage, especially since the FAC alleges class claims. Nationstar notes that it asserts the four-year limitations period for written agreements under California Civil Code section 337(1), not the four-year limitations period under California Code of Civil Procedure section 337.1, which Mr. Burton confuses. Nationstar points out that the FAC's promissory estoppel claim entitles it to assert the two-year limitations period of California Code of Civil Procedure section 339 for oral contracts. Nationstar further notes that it asserts the two-year limitations period under California Code of Civil Procedure section 335.1 given the FAC's allegations of Mr. Burton's emotional distress damages.

As discussed above, without supporting facts, the (sixth) statute of limitations defense is a bare bones legal conclusion. However, contrary to Mr. Burton's contentions, the limitations defense points to applicable limitations periods based on the FAC's claims. Moreover, Mr. Burton, by seeking to strike the limitations defense, seeks resolution of legal and factual issues not available at this pleading stage. Although the limitations defense is insufficient as a matter of pleading, it is not insufficient as a matter of law and is subject to amendment to clear up application of particular limitations periods to the FAC's claims.

### *Failure To Tender Indebtedness*

Mr. Burton argues that failure to tender indebtedness does not apply in that the FAC's claims are based on the lack of authority to foreclose on the property given that Nationstar was contractually obligated to provide Mr. Burton a permanent loan modification.

The tender requirement applies "when there is an alleged irregularity in the notice or procedure of the sale." *Menan v. U.S. Bank Nal't Assn.*, 2013 WL 595349, at * 7 (E.D. Cal. 2013). The tender requirement does not apply when "the foreclosure sale itself was wrongful and should not have occurred at all because defendants were contractually obligated not to conduct the sale." *Menan*, 2013 WL 595349, at * 7. "The law does not require plaintiff to tender the purchase price to a trustee who has no right to sell the property at all." *Menan*, 2013 WL 595349, at * 7.

Mr. Burton challenges his need to tender because the FAC does not challenge irregularities in the foreclosure proceedings. Mr. Burton contends that in absence of a right to

foreclose, he was not required to tender his indebtedness.

Nationstar correctly notes that determination whether Mr. Burton has invoked a tender exception is premature.  If Nationstar correctly acted, the foreclosure is not void and subject to the tender requirement.  The propriety of tender is subject to factual and legal evaluation not available at this pleading stage.  Mr. Burton fails to demonstrate that the tender defense lacks merit under any set of facts.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.      STRIKES as insufficiently pled the (third) failure to mitigate, (fourth) waiver and estoppel, (fifth) laches, (sixth) statute of limitations, (seventh) immunity, (eighth) failure to satisfy conditions precedent, (ninth) unclean hands, (twelfth) procedural due process, (thirteenth) consent/ratification, (fourteenth) reasonably available alternatives, (fifteenth) accord and satisfaction/novation, (sixteenth) privilege, and (nineteenth) compliance with government law defenses but GRANTS Nationstar leave to amend these affirmative defenses to the extent they are supported by fact and law;

2.      DENIES striking the answer's other affirmative defenses; and

3.      ORDERS Nationstar, no later than September 20, 2013, to file and serve either: (a) an amended answer; or (b) a statement that it elects to proceed on its answer without amendment and without the stricken affirmative defenses.  If Nationstar elects to file an amended answer, Nationstar is admonished to pursue only affirmative defenses based on sufficient supporting facts and law and that this Court will grant Nationstar no further attempt to plead affirmative defenses without a showing of absolute good cause.

IT IS SO ORDERED.

Dated:   __September 3, 2013__            ___/s/ Lawrence J. O'Neill___
                                          UNITED STATES DISTRICT JUDGE

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28