JOHN B. SULLIVAN (State Bar No. 96742)
ERIK KEMP (State Bar No. 246196)
MARY KATE KAMKA (State Bar No. 282911)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 1:13-cv-00307-LJO-GSA<br><br>**NATIONSTAR'S *AMENDED* ANSWER TO BURTON'S FIRST AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar") hereby answers the first amended complaint of plaintiff Dennis Burton ("plaintiff" or "Burton") as follows:

1.  Defendant responds that paragraph 1 is a legal conclusion that does not require denial or admission.  Insofar as paragraph 1 might be construed to state a claim against Defendant, Defendant denies those allegations.

2.  Defendant denies the allegations of paragraph 2.

3.  Defendant responds that paragraph 3 is a legal conclusion that does not require denial or admission.  Insofar as paragraph 3 might be construed to state a claim against Defendant, Defendant denies those allegations.

1    4.    Defendant responds that paragraph 4 is a legal conclusion that does not require
2 denial or admission.  Insofar as paragraph 4 might be construed to state a claim against Defendant,
3 Defendant denies those allegations.
4    5.    Defendant admits it entered into an agreement with the U.S. Department of
5 Treasury to participate in HAMP.
6    6.    Defendant admits it entered into permanent modification agreements with certain
7 Nationstar borrowers.  Defendant respond that the remaining allegations of paragraph 6 are a legal
8 conclusion that does not require denial or admission.  Insofar as the remaining allegations of
9 paragraph 6 might be construed to state a claim against Defendant, Defendant denies those
10 allegations.
11    7.    Defendant denies the allegations of paragraph 7.
12    8.    Defendant denies the allegations of paragraph 8.
13    9.    Defendant does not dispute that diversity jurisdiction exists between plaintiff and
14 Defendant.  Defendant lacks information or belief sufficient to answer the remaining allegations of
15 paragraph 9, and on that ground denies them.
16    10.   Defendant admits it conducts business in this District.  Defendant does not dispute
17 that venue is proper.
18    11.   Defendant lacks information or belief sufficient to answer the allegations of
19 paragraph 11, and on that ground denies them.
20    12.   Defendant admits the allegations of paragraph 12.
21    13.   Defendant responds that paragraph 13 is a legal conclusion that does not require
22 denial or admission.  Insofar as paragraph 13 might be construed to state a claim against
23 Defendant, Defendant denies those allegations.
24    14.   Defendant responds that paragraph 14 is a legal conclusion that does not require
25 denial or admission.  Insofar as paragraph 14 might be construed to state a claim against
26 Defendant, Defendant denies those allegations.
27
28

15. Defendant responds that paragraph 15 is a legal conclusion that does not require denial or admission. Insofar as paragraph 15 might be construed to state a claim against Defendant, Defendant denies those allegations.

16. Defendant admits that it is a loan servicer and generally acts on behalf of the holders of mortgage loans. Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 16, and on that ground denies them.

17. Defendant responds that the first sentence of paragraph 17 is a legal conclusion that does not require denial or admission. Insofar as the first sentence of paragraph 17 might be construed to state a claim against Defendant, Defendant denies those allegations. Defendant admits the remaining allegations of paragraph 17.

18. Defendant responds that paragraph 18 is a legal conclusion that does not require denial or admission. Insofar as paragraph 18 might be construed to state a claim against Defendant, Defendant denies those allegations.

19. Defendant responds that paragraph 19 is a legal conclusion that does not require denial or admission. Insofar as paragraph 19 might be construed to state a claim against Defendant, Defendant denies those allegations.

20. Defendant responds that paragraph 20 is a legal conclusion that does not require denial or admission. Insofar as paragraph 20 might be construed to state a claim against Defendant, Defendant denies those allegations.

21. Defendant responds that paragraph 21 is a legal conclusion that does not require denial or admission. Insofar as paragraph 21 might be construed to state a claim against Defendant, Defendant denies those allegations.

22. Defendant responds that the first three sentences of paragraph 22 are a legal conclusion that does not require denial or admission. Insofar as those sentences might be construed to state a claim against Defendant, Defendant denies those allegations. Defendant denies the remainder of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant admits that it entered into a trial period plan with Burton and that the trial period plan contains the quoted sentence, but refers to the TPP itself for a more complete statement of its contents. Defendant denies the allegations of paragraph 24 to the extent it suggests the trial period plan is itself a contract or otherwise obligated Defendant to modify Burton's loan.

25. Defendant admits the trial period plan contains the quoted phrase, but refers to the TPP itself for a more complete statement of its contents. Defendant denies the allegations of paragraph 25 to the extent it suggests the trial period payment plan is itself a contract or otherwise obligated Defendant to modify Burton's loan.

26. Defendant admits that it sent Burton a signed copy of the signed trial period payment plan. Defendant further responds that, when Burton was sent his TPP, HAMP did not require servicers to determine borrowers' eligibility before a TPP was provided.

27. Defendant admits plaintiff made payments in the amount of $1,921.58 in May, June, and July 2009. Defendant denies the remaining allegations of paragraph 27.

28. Defendant admits that it sent plaintiff a permanent modification agreement, that plaintiff returned to Nationstar a signed permanent modification agreement, and that Nationstar executed the signed permanent modification agreement and returned it to Burton. Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 28, and on that ground denies them.

29. Defendant lacks information or belief sufficient to answer the allegations of paragraph 29, and on that ground denies them.

30. Defendant admits that plaintiff contacted it by phone regarding his requested loan modification. Defendant lacks information or belief sufficient to answer the remaining allegations of paragraph 30, and on that ground denies them.

31. Defendant admits that plaintiff contacted it by phone regarding his requested loan modification and that a notice of trustee's sale was served on Burton. Defendant lacks information

1    or belief sufficient to answer the remaining allegations of paragraph 31, and on that ground denies
2    them.
3           32.     Defendant admits that it sent a loss mitigation solicitation letter to Burton on or
4    around December 1, 2009, but refers to the letter itself for a more accurate statement of its
5    contents. Defendant lacks information or belief sufficient to answer the remaining allegations of
6    paragraph 32, and on that ground denies them.
7           33.     Defendant lacks information or belief sufficient to answer the allegations of
8    paragraph 33, and on that ground denies them.
9           34.     Defendant lacks information or belief sufficient to answer the allegations of
10   paragraph 34, and on that ground denies them.
11          35.     Defendant admits that it sent plaintiff a letter on or about March 7, 2010 indicating
12   plaintiff's loan would not be permanently modified, but refers to the letter itself for a more
13   accurate statement of its contents. Nationstar denies the remaining allegations of paragraph 35.
14          36.     Defendant admits that plaintiff's loan was not modified and his property was sold
15   at a trustee's sale to the Federal National Mortgage Association.   Defendant denies the remaining
16   allegations of paragraph 36.
17          37.     Defendant lacks information or belief sufficient to answer the allegations of
18   paragraph 37, and on that ground denies them.
19          38.     Defendant re-alleges its denials, admissions, and answers to paragraphs 1 through
20   37 of the complaint. Defendant responds that paragraph 38 is a legal conclusion that does not
21   require denial or admission. Insofar as paragraph 38 might be construed to state a claim against
22   Defendant, Defendant denies that the class alleged, or any other class, should be certified.
23          39.     Defendant responds that paragraph 39 is a legal conclusion that does not require
24   denial or admission. Insofar as paragraph 39 might be construed to state a claim against
25   Defendant or allege a class should be certified, Defendant denies those allegations.

1    40.    Defendant denies that the alleged class is sufficiently numerous.  Defendant lacks
2 information or belief  sufficient to answer the remaining allegations of paragraph 40, and on that
3 ground denies them.
4    41.    Defendant admits that it maintains records regarding individual customer accounts.
5 Defendant lacks information or belief sufficient to answer the allegations of the first sentence of
6 paragraph 41, and on that ground denies them.  Defendant denies the remaining allegations of
7 paragraph 41.
8    42.    Defendant lacks information or belief sufficient to answer the allegations of the
9 first sentence of paragraph 42, and on that ground denies them.  Defendant denies the remaining
10 allegations of paragraph 42.
11    43.    Defendant denies the allegations of paragraph 43.
12    44.    Defendant denies the allegations of paragraph 44.
13    45.    Defendant denies the allegations of paragraph 45.
14    46.    Defendant denies the allegations of paragraph 46.
15    47.    Defendant denies the allegations of paragraph 47.
16    48.    Defendant re-alleges its denials, admissions, and answers to paragraphs 1 through
17 47 of the complaint.
18    49.    Defendant responds that the first two sentences of paragraph 49 are a legal
19 conclusion that does not require denial or admission.  To the extent those two sentences can be
20 construed to state a claim against Defendant, Defendant denies those allegations.  Defendant
21 admits that it received signed copies of a trial period payment plan and permanent modification
22 from Burton.  Defendant lacks information or belief sufficient to answer the remaining allegations
23 of paragraph 49, and on that ground denies them
24    50.    Defendant admits that the permanent modification contains the quoted sentence,
25 but refers to the permanent modification itself for a more accurate statement of its contents.
26    51.    Defendant admits that the permanent modification contains the quoted sentence,
27 but refers to the permanent modification itself for a more accurate statement of its contents..
28

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant admits that that the permanent modification agreement allowed it to verify whether borrowers' representations in section 1 are no longer true and correct. Defendant denies the remaining allegations of paragraph 55.

56. Defendant admits Burton's permanent modification agreement indicates August 1, 2009 is the "Modification Effective Date." Defendant denies the remaining allegations of paragraph 56.

57. Defendant lacks information or belief sufficient to answer the allegations of paragraph 57, and on that ground denies them.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant re-alleges its denials, admissions, and answers to paragraphs 1 through 59 of the complaint.

61. Defendant responds that paragraph 61 is a legal conclusion that does not require denial or admission. Insofar as paragraph 61 might be construed to state a claim against Defendant, Defendant denies those allegations.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of the first sentence of paragraph 64. Defendant lacks information or belief sufficient to answer the remaining allegations of paragraph 64, and on that ground denies them.

65. Defendant denies the allegations of paragraph 65.

66. Defendant re-alleges its denials, admissions, and answers to paragraphs 1 through 65 of the complaint.

67. Defendant responds that paragraph 67 is a legal conclusion that does not require denial or admission. Insofar as paragraph 67 can be construed to state a claim against Defendant, Defendant lacks information or belief sufficient to answer the allegations of paragraph 67, and on that ground denies them.

68. Defendant lacks information or belief sufficient to answer the allegations of paragraph 68, and on that ground denies them.

69. Defendant responds that paragraph 69 is a legal conclusion that does not require denial or admission. Insofar as paragraph 69 can be construed to state a claim against Defendant, Defendant admits that the trial period plan contains the quoted phrases, but refers to the trial period plan itself for a more accurate statement of its representations. Defendant denies that the trial period plan is itself a contract and denies the remaining allegations of paragraph 69.

70. Defendant admits that Burton made payments pursuant to his trial period payment plan. Defendant lacks information or belief sufficient to answer the allegations of the remaining allegations of paragraph 70, and on that ground denies them.

71. Defendant admits that it signed Burton's permanent modification agreement. Defendant responds that the remainder of paragraph 71 is a legal conclusion that does not require denial or admission. Insofar as the remainder of paragraph 71 can be construed to state a claim against Defendant, Defendant admits that the permanent modification agreement contains the quoted phrases, but refers to the agreement itself for a more accurate statement of its representations. Defendant denies the remaining allegations of paragraph 71.

72. Defendant admits that Burton made payments after being sent a permanent modification. Defendant lacks information or belief sufficient to answer the remaining allegations of paragraph 72, and on that ground denies them.

73. Defendant admits that Burton contacted it by phone about the permanent modification agreement. Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 73, and on that ground denies them.

74. Defendant lacks information or belief sufficient to answer the remaining allegations of paragraph 74, and on that ground denies them.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant re-alleges its denials, admissions, and answers to paragraphs 1 through 76 of the complaint.

78. Defendant denies the allegations of paragraph 78.

79. Defendant denies the allegations of the first sentence of paragraph 79. Defendant responds that the remainder of paragraph 79 is a legal conclusion that does not require denial or admission. Insofar as the remainder of paragraph 79 might be construed to state a claim against Defendant, Defendant denies those allegations.

80. Defendant admits Burton was delinquent on his mortgage. Defendant denies it made the alleged misrepresentation to Burton. Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 80, and on that ground denies them.

81. Defendant lacks information or belief sufficient to respond to the allegations of paragraph 81, and on that ground denies them.

82. Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 82, and on that ground denies them.

83. Defendant admits that the TPP contains the quoted phrases, but refers to the TPP itself for a more accurate statement of its contents. Defendant denies the remaining allegations of paragraph 83.

84. Defendant denies it made the alleged misrepresentation. Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 84, and on that ground denies them.

85. Defendant admits that plaintiff made trial period plan payments in May, June, and July of 2009, that it sent plaintiff a permanent modification, and that plaintiff contacted it by

80001.0009/2860809.1                 9

Nationstar's *Amended* Answer to Burton's First Amended Complaint

phone about the permanent modification.  Defendant denies the remaining allegations of paragraph 85.

86. Defendant admits that it signed the permanent modification agreement.  Defendant admits that the permanent modification agreement contains the quoted phrases, but refers to the agreement itself for a more accurate statement of its representations.  Defendant denies the remaining allegations of paragraph 86.

87. Defendant admits plaintiff was delinquent on his loan.  Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 87, and on that ground denies them.

88. Defendant denies the allegations of the first sentence of paragraph 88.  Defendant lacks information or belief sufficient to respond to the remaining allegations of paragraph 88, and on that ground denies them.

89. Defendant admits that it sent plaintiff a letter on or about December 1, 2009, but refers to the letter itself for a complete and accurate statement of its contents.  Defendant denies the remaining allegations of paragraph 89.

90. Defendant lacks information or belief sufficient to respond to the allegations of paragraph 90, and on that ground denies them.

91. Defendant denies the allegations of paragraph 91.

92. Defendant lacks information or belief sufficient to respond to the allegations of paragraph 92, and on that ground denies them.

93. Defendant denies the allegations of paragraph 93.

94. Defendant denies the allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95.

96. Defendant denies the allegations of paragraph 96.

97. Defendant denies the allegations of paragraph 97.

98. Defendant denies the allegations of paragraph 98.

99. Defendant denies the allegations of paragraph 99.

**AFFIRMATIVE DEFENSES**

As further, separate, and affirmative defenses to the complaint, Defendant alleges:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

1. The complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Uncertainty)**

2. The complaint does not describe the claims against defendant with sufficient particularity and certainty to enable it to determine what defenses may exist. Defendant reserves the right to assert all defenses that may be pertinent to or arise from plaintiff's claims when their precise nature is ascertained.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

3. The damage alleged in the complaint resulted, in whole or in part, from the failure of plaintiff to mitigate his alleged damages. Burton alleges in the complaint he had alternatives to foreclosure he could have pursued or that he could have made an "efficient breach" by not making payments on his trial period plan to Nationstar. Burton acknowledges he failed to pursue these alternatives. On information and belief, Burton had other alternatives to foreclosure he could have pursued that would have mitigated the alleged damages suffered in the complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

4. Plaintiff and the putative class members have waived their right to seek the relief herein due to their own acts and/or omissions with reference to the subject matter of the complaint. Plaintiff and the putative class members voluntarily made payments to Nationstar under their TPPs or HAMAs in order to apply for a loan modification under HAMP and/or continue to occupy their properties and defer foreclosure proceedings that would have otherwise continued after their defaults on their mortgage loans. In knowingly making these payments, plaintiff and the putative

class members have waived any right to recover such payments or a portion of those payments.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.     Plaintiff and the putative class members, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein.  Plaintiff and/or the putative class members contributed to or caused the denial of their requests for HAMP modifications, or any delay in granting a request for modification, by failing to timely satisfy the conditions precedent to obtain modifications under HAMP or breaching their TPPs or HAMAs.  Such failures and breaches may include, but are not limited to, the failure to make all required payments, the failure to make accurate representations in the TPP or HAMA, the failure to timely respond to Nationstar's request for information, or the failure to satisfy the underwriting criteria for a HAMP modification.  Plaintiff and/or the putative class members are, therefore, equitably estopped to seek enforcement of the TPP or HAMA or recover any damages arising out of Nationstar's alleged breach of the TPP or HAMA.  On information and belief, some putative class members also entered into agreements with Nationstar under which Nationstar agreed to forbear from foreclosing, modify their home loans, or otherwise provided significant benefits to such putative class members.  Such putative class members are equitably estopped from pursuing their claims arising out of their prior home loan agreements, TPPs, or HAMAs.  *See, e.g., Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.,* 144 Cal.App.4th 1175, 1185 (2006)

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.     Recovery for any injury or damage to plaintiff or the putative class members is barred by the applicable statute of limitations including, but not limited to, Code of Civil Procedure sections 335.1, 337(1), 338(b), 338(d), 339(1), and 343.  Plaintiff's claim for promissory estoppel and/or any claim based on an alleged oral contract are barred by Code of Civil Procedure section 339(1)'s two-year statute of limitations because plaintiff alleges Nationstar improperly failed to grant him a modification in 2009 but plaintiff did not file suit until 2013, more than two years later.  Plaintiff's claim for fraud is barred by the three-year statute of

limitations in section 338(d) as plaintiff knew or should have been aware that Nationstar would not grant him a loan modification when his property was sold at a trustee's sale in February 2010, or at an earlier date, but plaintiff did not file suit until March 2013. Insofar as plaintiff is seeking to recover emotional distress, his claim is barred by the two-year statute of limitations in section 335.1 because any claim would have accrued on or before the date plaintiff's loan modification was denied in 2010, but plaintiff did not file suit until 2013. Insofar as plaintiff is seeking to recover title to his former property, the claim is barred by the three-year statute of limitations in section 338(b) because plaintiff's property was sold at a trustee's sale in 2010 but plaintiff did not file suit until 2013, more than three years later. On information and belief, the claims of any putative class members on whose behalf plaintiff attempts to allege a claim for breach of written contract are barred by the four-year statute of limitations in section 337(1) to the extent that their HAMP modifications were denied or the conduct underlying their claims occurred more than four years before Burton filed suit in March 2013.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Immunity)**

7.      Defendant is immune, in whole or in part, from plaintiff's claims. The form of the trial period plans and permanent modifications used by Defendant is dictated by the Treasury Department and other HAMP regulations. The underwriting criteria Nationstar uses is also dictated by HAMP. Nationstar's policy is to follow applicable HAMP rules and regulations in determining whether to modify the loans of customers who apply for modifications under HAMP. Insofar as Nationstar's conduct was undertaken in compliance with such HAMP rules and regulations, Nationstar is immune from any liability challenging its compliance with such rules or regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Conditions Precedent)**

8.      Plaintiff and the putative class members failed to satisfy all conditions precedent to recovery, precluding their recovery in whole or in part. To obtain a loan modification under HAMP, a borrower must satisfy a number of conditions precedent, including showing that all of

his representations in the modification agreement are true and satisfying Treasury's underwriting criteria.  On information and belief, plaintiff and/or the putative class members failed to satisfy all conditions precedent to obtain a loan modification under HAMP, thus barring their claims that Nationstar improperly denied their loan modification applications.

### NINTH AFFIRMATIVE DEFENSE

#### (Laches)

9.   Plaintiff's claims are barred, in whole or in part, by operation of the doctrine of laches because plaintiff unreasonably delayed in filing suit, causing substantial prejudice to Nationstar.  Plaintiff alleges in the complaint he knew Nationstar would not grant him a permanent modification January 2010.  Plaintiff's real property was sold at a trustee's sale in February 2010.  Yet, plaintiff did not file suit arising until March 2013, after the property had already been transferred to a third party and, on information and belief, after witnesses' memories regarding the transactions underlying the claims have faded and/or documentary information in the possession of plaintiff or other parties may have been lost.

### TENTH AFFIRMATIVE DEFENSE

#### (Voluntary Payment)

10.   The monies which Burton seeks to recover on behalf of himself and putative class members were voluntarily paid.  These monies were owed to Nationstar, irrespective of any mistake of law or fact Burton or putative class members may have had.  Under these circumstances, Burton and the putative class members are not entitled to recover the monies so paid.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim/Exemplary Damages)

11.   The Complaint and each and every claim for relief set forth therein fails to state facts sufficient to constitute a claim for relief for recovery of punitive or exemplary damages from Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

### (Privilege)

12     Plaintiff and the putative class members' claims for recovery of emotional distress fail, in whole or in part, because Defendant's alleged conduct was a good faith assertion of its economic interest and therefore privileged.  Defendant decided whether to grant HAMP modifications in accord with HAMP rules and regulations and communicated its position regarding its legal rights to plaintiff and putative class members in good faith.  Even were Defendant's conduct wrongful, which defendant denies, it did not exceed all bounds of decency and so constitutes privileged conduct barring the recovery of emotional distress damages in whole or in part.  *See, e.g., Ross v. Creel Printing & Publishing Co., Inc*., 100 Cal.App.4th 736, 745 (2002); *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67 (1988); *Girard v. Bell,* 125 Cal.App.3d 772, 786-87 (1981); *Costa v. National Action Financial Servs.*, 634 F. Supp. 2d 1069, 1078-79 (E.D. Cal 2007).

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

13.     Plaintiff and the putative class members consented to all of Defendant's acts or omissions which gave rise to the occurrences alleged in the complaint, and subsequently ratified that conduct.  In applying for loan modifications under HAMP, plaintiff and the putative class members agreed that whether to grant a modification would be determined in accord with HAMP rules and regulations.  Plaintiff and the putative class members thus consented to their loan modification applications being denied if they failed to satisfy all conditions precedent to obtaining a modification or breached or defaulted under their TPPs or HAMAs.  Accordingly, plaintiff and/or the putative class members are barred from pursuing this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord & Satisfaction)

14.     Defendant is informed and believes that after their requests for HAMP modifications were denied, some putative class members entered into subsequent agreements with defendant whereby defendant agreed to forbear from foreclosing and/or to modify their loans.

1  Some members of the putative class made payments pursuant to such agreements.  Assuming
2  Nationstar improperly denied a request for loan modification under a TPP or HAMA, which
3  Nationstar denies, these agreements operate as an accord and satisfaction of the customers' TPPs
4  or HAMAs.  The subsequent agreements provide putative class members different consideration
5  and extinguish any alleged prior obligation owed by Nationstar under a TPP or HAMA.

6  **FIFTEENTH AFFIRMATIVE DEFENSE**

7  **(Novation)**

8  15.    Defendant is informed and believes that after their requests for HAMP
9  modifications were denied, some putative class members entered into subsequent agreements with
10 defendant whereby defendant agreed to forbear from foreclosing and/or to modify their loans.  By
11 entering into these agreements, some putative class members agreed to accept defendant's promise
12 to modify their home loans and/or forbear from foreclosing in exchange for any alleged obligation
13 that previously existed for defendant to modify their loans under a TPP or HAMA.  Assuming
14 Nationstar improperly denied a request for loan modification under a TPP or HAMA, which
15 Nationstar denies, these agreements operate as a novation of any prior obligation owed under a
16 TPP or HAMA.

17 **SIXTEENTH AFFIRMATIVE DEFENSE**

18 **(Modification of Contract)**

19 16.    Defendant is informed and believes that after their requests for HAMP
20 modifications were denied, some putative class members entered into subsequent agreements with
21 defendant whereby defendant agreed to forbear from foreclosing and/or to modify their loans.
22 Defendant has fully performed under those modifications to the extent not prevented by the
23 putative class members.  Accordingly, any claim based on an alleged failure to modify putative
24 class members' loans is precluded under Civil Code section 1698 or other applicable law.

25 **SEVENTEENTH AFFIRMATIVE DEFENSE**

26 **(Comparative Fault)**

27 17.    Plaintiff and the putative class were at fault with respect to the matters alleged in
28 the complaint and their recovery, if any, should be barred or reduced in proportion to their

comparative fault.  Plaintiff and the putative class members defaulted on their mortgage loans.  On information and belief, plaintiff and the putative class members failed to comply with one or more of their obligations under HAMP or failed to timely respond to Nationstar's request for information, including but not limited to failing to provide information necessary to evaluate their eligibility for HAMP requests or failing to timely return executed copies of the HAMA upon Nationstar's request.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Discharge of Obligations)**

18.     Defendant duly performed, satisfied, and discharged all duties and obligations that it may have owed to any party herein arising out of any agreements, representations or contracts made by Defendant or on its behalf.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Compliance with Governing Law)**

19.     Defendant's compliance with the statutes, rules, and regulations which govern HAMP precludes any liability to plaintiff.  The form of the trial period plans and permanent modifications used by Defendants are dictated by the Treasury Department and other HAMP regulations.  The underwriting criteria Nationstar uses is also dictated by HAMP.  Nationstar's policy is to follow applicable HAMP rules and regulations in determining whether to modify the loans of customers who apply for modifications under HAMP.  Insofar as Nationstar's conduct was undertaken in compliance with such HAMP rules and regulations, Nationstar cannot be liable for breaching those directives.

### TWENTIETH AFFIRMATIVE DEFENSE
**(No Tender)**

20.     Plaintiff lacks standing to challenge the trustee's sale on his property as he not tendered or offered to tender the full amount of his secured indebtedness.

### PRAYER

WHEREFORE, Nationstar prays as follows:

1.     That Plaintiff take nothing by reason of his complaint;

2.    For judgment in Nationstar's favor and dismissal of the action with prejudice;

3.    That the Court award Nationstar its costs of suit, reasonable attorneys' fees; and

4.    For such other and further relief as the Court deems just.

DATED: September 20, 2013

SEVERSON & WERSON
A Professional Corporation

By:    */s/Erik Kemp*
        Erik Kemp

Attorneys for Defendant NATIONSTAR MORTGAGE LLC