# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO, CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similarly situated, | Case No: 1:13-cv-00307-LJO-GSA |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | Hon. Lawrence J. O'Neill |
| Defendant. | |

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff Dennis Burton and Defendant Nationstar Mortgage LLC (together, "the Parties"), through their respective attorneys of record, as follows:

WHEREAS documents and information that have or may be sought, produced or exhibited by the Parties in this action, as well as third parties, and non-parties, may relate to sensitive personal information, trade secrets, confidential research, development, technology, business plans or other proprietary information;

THEREFORE, on good cause being shown, an Order of this Court protecting such confidential information is made on the following terms:

**Purpose**

1. This Stipulated Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by any Party, non-party, person, or entity.

2. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information or document as Confidential Information (as defined *infra* for purposes of this Order), nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

**Materials Covered and Disclosure Prohibitions**

3. Any Party, or third party, non-party, person, or entity that is required to produce documents or disclose information in discovery in this case (the "Producing Party") may designate such documents or information as "CONFIDENTIAL."

4. A Producing Party may designate as "CONFIDENTIAL" any non-public information or documents produced to the receiving party (the "Receiving Party") that the Producing Party believes, in good faith, contains information related to a trade secret, customer lists, non-public pricing information, non-public revenue and financial information, personal consumer information (including social security numbers, financial account numbers, or consumer credit report information) confidential research, commercially or competitively sensitive information, or any other information subject to a legally protected right to privacy.

5. Documents or information designated as "CONFIDENTIAL" shall be disclosed by the Receiving Party only to:

    a. The Court and its staff in this case and in any appeal,

    b. The jury in this case (if this case goes to trial),

    c. The Parties in this action, including any authors or recipients of the information as well as officers, employees, and in-house counsel of corporate parties who are actively engaged in assisting such counsel in this action,

    d. Counsel of record for the Parties in this case;

   e. Secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel,

   f. Outside vendors, consultants, investigators, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the Parties or counsel and who are actively engaged in assisting counsel or the Parties in this action,

   g. Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to testify,

   h. Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents,

   i. Any other person or entity as to whom counsel for the Producing Party agree in writing or on the record, or whom the Court directs shall have access to such information.

  6. For purposes of this Order, "CONFIDENTIAL" documents and information are referred to as "Confidential Information."

  7. Confidential Information shall not be used by the Receiving Party for *any* purpose other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals) and shall not be discussed or disclosed to any person except as specifically authorized by this Order. Any documents, information, deposition testimony or other materials subject to this Order shall not be used by the Receiving Party, directly or indirectly, for any business, commercial or competitive purpose whatsoever. The Parties shall not disclose information or documents designated as Confidential Information to putative class members not named as plaintiffs in the lawsuit unless and until one or more classes has/have been certified, unless such disclosure is otherwise allowed by this Protective Order.

  8. All persons to whom documents or information designated as Confidential Information are disclosed are hereby enjoined from disclosing Confidential Information to any other person except as provided herein, and are further enjoined from using Confidential Information except in the preparation for and trial of the above-captioned action between the named Parties thereto. No person receiving or reviewing such Confidential Information shall disseminate or disclose it to any person other than those described above and for the purposes specified, and in no event shall such person make any other use of such Confidential Information.

1  9. Before disclosure of any documents or information designated as Confidential
2 Information to persons described in subparagraphs 5(f), 5(g), 5(h), and 5(i) of this Order, any such
3 person shall sign a document in the form of Exhibit A attached hereto, stating that he or she has
4 read and understands this Order and agrees to be bound by its terms and be subject to the
5 jurisdiction of the Court for enforcement of this Order.

6  10. Disclosure may be made only to employees of a Party's counsel of record under
7 subparagraph 5(e) when it is required in good faith to provide assistance in the conduct of the
8 litigation in which the information was disclosed.

9  11. Except as provided in paragraph 5 above, counsel for the Parties shall keep secure
10 within their exclusive possession all Confidential Information that is received under this Order.
11 All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as
12 "copies") of Confidential Information received and duplicated/copied by the Receiving Party, or
13 any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word
14 does not already appear therein.

15  12. This Order does not apply to information that has been produced by the Producing
16 Party without having been designated "CONFIDENTIAL," disclosed by the Producing Party
17 without having been designated "CONFIDENTIAL," made available to the public or otherwise
18 available for public access. In the event that a party obtains another party's information from a non-
19 party source, and the party wishes to use that information in the litigation, the Parties agree to meet
20 and confer at least three business days in advance of the filing so that the Party from which the
21 information originated may determine if it wishes to seek confidentiality protection for the
22 information in question. The unauthorized, inadvertent, or unintentional disclosure of confidential
23 documents or information, whether during the course of this litigation or otherwise, shall not be
24 deemed a waiver, in whole or in part, of any Party's claims of confidentiality. To the extent that
25 there is ambiguity or uncertainty as to whether certain documents or information should be
26 accorded confidential treatment, counsel for the parties agree to meet and confer prior to the filing
27 or public disclosure of such information or documents.
28 ///

**Procedures for Designation**

13.     Designation of Confidential Information shall be made at or prior to the time of production of documents by stamping or marking the documents as "CONFIDENTIAL" in a location that makes the designation readily apparent.

14.     Any information that has not been reduced to documentary form may be designated as Confidential Information by informing counsel for the Receiving Party in writing that it is "CONFIDENTIAL." Any CD or DVD produced containing "CONFIDENTIAL" information shall be clearly marked on the face (non-recordable side) of the CD or DVD.

15.     Deposition testimony may be designated as "CONFIDENTIAL," in whole or in part, either on the record during the deposition or within thirty (30) days after receipt of the written transcript by the designating Party. Until that time, and unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" to permit counsel for the Party deposed an opportunity to designate the deposition testimony as Confidential Information. If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof, upon notice that the confidential designation has been made. In the event that a Party needs to file a deposition transcript with the Court prior to the expiration of the thirty (30) day period set forth above, that entire transcript shall be treated as if it had been designated as Confidential Information.

16.     To the extent that there is ambiguity or uncertainty as to whether certain documents or information should be accorded confidential treatment, counsel for the Parties agree to meet and confer prior to the filing or public disclosure of such information or documents.

**Use of Confidential Information at Trial or Depositions**

17.     During the time that information or documents designated as Confidential Information are disclosed in a deposition or hearing, any party shall have the right to exclude from attendance at the deposition or hearing any person who is not entitled to receive such information or documents under the terms of this Order. With respect to Confidential Information at trial, any Party

1 may move the Court for an order that confidential material be received *in camera* or under other
2 conditions to prevent unnecessary disclosures. The Court will then determine whether the proffered
3 evidence should continue to be treated as Confidential Information and, if so, what protection, if
4 any, may be afforded to such information at the trial.

**Filing Confidential Information With The Court**

6  18. Confidential Information may be used or submitted to the Court in connection with
7 any filing or proceeding in this litigation pursuant to the procedures and restrictions set forth in
8 Federal Rule of Civil Procedure 5.2 and Local Rule 141. If Confidential Information is to be
9 submitted as an exhibit or incorporated in a pleading, brief or other material submitted to the Court,
10 the submitting Party shall submit to the Clerk of the Court a Request to Seal Documents via
11 electronic mail, U.S. mail, courier, or hand delivery pursuant to Local Rule 141(b). Such papers
12 shall also be served on all Parties consistent with Local Rule 135 and 141(b). In addition, after the
13 entry of an appropriate order by the Court, the submitting Party shall submit to the Clerk of the
14 Court via electronic mail, U.S. mail, courier, or hand delivery a copy of the documents covered by
15 the sealing order to be filed under seal by the Clerk as described in Local Rule 141(e)(2). Absent an
16 Order from the Court to the contrary, filing under seal is required for Confidential Information even
17 if the filing Party believes that the designation of the materials designated as Confidential
18 Information was improper, provided, however, that the filing under seal shall be wholly without
19 prejudice to the filing Party's rights under Paragraphs 23 through 25 of this Order.

20  19. In accordance with Local Rule 141(e)(2)(ii), any paper copies of sealed documents
21 that are submitted to the Clerk of the Court via hand delivery, U.S. mail, or courier shall be
22 electronically filed under seal by the Clerk and then returned to the submitting Party.

**Disposition of Confidential Information at the End of the Case**

24  20. No later than sixty (60) days after final termination of this lawsuit, upon written
25 request by the Producing Party, the Parties shall assemble and return to the Producing Party all
26 items containing Confidential Information in the custody or control of such Party or third parties set
27 forth in paragraphs 5(e), 5(f), 5(g), 5(h), and 5(i) of this Order. If the Parties so stipulate, a party or
28 third party may elect to destroy all items containing Confidential Information in lieu of returning

1  such Confidential Information. If any party or third party elects to destroy the Confidential
2  Information it received, such party or third party shall send written verification to the Producing
3  Party that the documents have in fact been destroyed. All documents containing or reflecting
4  Confidential Information that also contain notes or other attorneys' work product shall be destroyed.
5  In addition, all summaries, extracts or compilations taken from such Confidential Information shall
6  be destroyed.

### Modification of Order and Challenges to Designation

8      21.    The Court shall retain the jurisdiction and authority to modify this Order at the
9  request of either Party and upon a showing of good cause. Nothing in this Order shall prevent a
10 Party from seeking additional relief from the Court to further restrict access to documents and
11 information that have been and may be sought in this action, relating to trade secrets, confidential
12 research, development, technology or other proprietary information belonging to the Party.

13     22.    This Order shall be without prejudice to the right of the Parties or other persons to:
14 (i) bring before the Court at any time the question of whether any particular document or
15 information is properly designated as Confidential Information, or (ii) present a motion to the Court
16 for a separate protective order as to any particular document or information, including restrictions
17 differing from those specified herein. This Order shall not be deemed to prejudice the Parties in any
18 way in any future application for modification of this Order.

19     23.    Any Party (the "Notifying Party") may at any time serve a written notice upon all
20 other counsel of record (the "Responding Party") objecting to a designation made by the
21 Responding Party. The Parties shall attempt within fourteen calendar days from the Responding
22 Party's receipt of such notice to resolve any dispute in good faith. If the attempt is unsuccessful, the
23 Notifying Party may move for an order challenging the designation at issue. During the pendency of
24 any challenge to the designation of a document or information, such document or information shall
25 continue to be treated as Confidential Information subject to the provisions of this Order. The Court
26 shall make an independent determination as to whether any disputed information is to be protected
27 from public disclosure. This Order shall not alter the burden of proof as to these issues.
28 ///

STIPULATED PROTECTIVE ORDER          CASE NO. 1:13-cv-00307-LJO-GSA

**Procedures in the Event of Unauthorized Disclosures**

25. In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the Party responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the Producing Party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

**Procedures for Inadvertent Failure to Designate**

26. The inadvertent delivery of documents and information that could properly be designated as Confidential Information shall not be deemed a waiver in whole or in part, of any Party's claims of confidentiality, and shall be without prejudice to the Producing Party. If a Party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such in accordance with the provisions of this Order, that Party may, upon discovering its oversight, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each Receiving Party must treat such information as confidential from the date such notice is received.

27. Upon demand of the Producing Party, all copies of any inadvertently produced information that is subject to the attorney-client privilege, work product doctrine, or any other immunity or privilege ("Identified Materials") shall be sequestered by the Receiving Party and shall not be disclosed or introduced into evidence, in this or any other proceeding, without the consent of the Producing Party. In the alternative, upon demand of the Producing Party, the Receiving Party may elect to promptly return or destroy Identified Materials.

**No Waiver of Privilege**

28. The inadvertent, unintentional, or *in camera* production of any documents subject to the attorney client privilege, work product doctrine, or other legal privilege protecting information

1  from discovery shall not constitute a waiver of the immunity or privilege. The Producing Party shall
2  notify the Receiving Party in writing following the discovery of the inadvertent production and
3  provide a privilege log for the documents it identifies. If such notification is made, such
4  inadvertently produced documents ("Privileged Material") and all copies thereof shall, upon
5  request, be sequestered by the Receiving Party, along with all notes or other work product of the
6  Receiving Party reflecting the contents of the Privileged Material. Upon the Producing Party's
7  request, the Receiving Party shall return, delete, or destroy the Privileged Material.
8      The Receiving Party may, after receiving notification regarding the asserted privilege, move
9  the Court to dispute the claim of privilege. The motion shall not assert as a ground therefore the fact
10 or circumstances surrounding the inadvertent production or the substance of the materials
11 inadvertently produced outside of the information to be provided via a privilege log from the
12 Producing Party. The Party asserting the claim of privilege or immunity shall have the burden of
13 proof and persuasion to show the claim is proper.
14     The contents of the Privileged Materials shall not be disclosed to anyone who was not
15 already aware of the contents prior to the request to return or destroy them. If any Receiving Party is
16 in receipt of a document from a Producing Party which the Receiving Party knows is privileged, the
17 Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of
18 the production of that document so that the Producing Party may make a determination of whether it
19 wishes to have the documents returned or destroyed pursuant to this Order.
20     The Parties agree that the Court may and should adopt this agreement as an order of the
21 Court as contemplated by Federal Rule of Evidence 502 and that it may be enforceable as any other
22 order of the Court.
23     This stipulated agreement set forth in Paragraph 28 does not constitute a concession by any
24 Party that any documents are subject to protection by the attorney-client privilege, the work product
25 doctrine, or any other potentially applicable privilege or doctrine. This agreement also is not
26 intended to waive or limit in any way either Party's right to contest any privilege claims that may be
27 asserted with respect to any of the documents produced except to the extent stated in the agreement.
28 ///

**Shipment of Confidential Information**

29. When any Receiving Party ships any Confidential Information to others designated in this Order as authorized to receive the Confidential Information, the Receiving Party will encrypt the electronic data (if the documents are in that format) and supply the password in separate correspondence to the recipient, except as provided in Paragraph 19 above. If the document or information is in hard copy/paper form, the Receiving Party will ship the data using secure packaging tape via Federal Express, UPS, or comparable carrier, and retain a tracking number for the materials. If the Receiving Party learns at any time that unauthorized parties may have retrieved or viewed Confidential Information during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Confidential Information.

**Additional Provisions**

30. In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the receiving Party must notify the Producing Party in writing within five (5) calendar days of receipt of such subpoena, court order, or third party request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sough is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and/or seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

31. In the event Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph 5 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

32. This Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby or the purposes of this Order.

33. Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential Information at trial or hearing in open court. Any requests of confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

Dated: September 26, 2013

By: /s/ Steven L. Woodrow　　　　　　　　　　　By: /s/ Erik Kemp
　　　One of Plaintiff's attorneys　　　　　　　　　　　　　One of Defendant's attorneys

**ORDER**

The Court adopts the above stipulated protective order.

**IT IS SO ORDERED.**

**Dated:** September 27, 2013　　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　　The Honorable Gary S. Austin
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge