Sean P. Reis (SBN 184044)
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123
Email: sreis@edelson.com

Steven L. Woodrow (admitted *pro hac vice*)
Megan Lindsey (admitted *pro hac vice*)
EDELSON LLC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4877
Facsimile: (312) 589-6378
Email: swoodrow@edelson.com
Email: mlindsey@edelson.com

*Counsel for Plaintiff* DENNIS BURTON

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | No: 1:13-cv-00307-LJO-GSA<br><br>**PLAINTIFF BURTON'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: December 23, 2013<br>Time: 8:30 a.m.<br>Crtrm.: Courtroom 4, 7th Floor |

# NOTICE OF MOTION AND MOTION FOR LEAVE

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 23, 2013 at 8:30 a.m., in Courtroom 4, 7th Floor of the United States District Court for the Eastern District of California at 2500 Tulare Street, Fresno, California, Plaintiff Dennis Burton ("Plaintiff" or "Burton") will and hereby does move the Court for leave to file Plaintiff's Second Amended Complaint in the form attached hereto as Exhibit 1. This motion is made pursuant to Federal Rule of Civil Procedure 15 and Local Rule 220 to amend pleading and the proposed class definition to include persons who should have, but did not, receive a timely permanent loan modification. This motion is based on this motion, the accompanying memorandum of points and authorities, and all other documents and pleadings in this case.

Dated: November 25, 2013

Respectfully submitted,

DENNIS BURTON, individually and on behalf of a Class of similarly situated individuals,

By:   /s/ Steven L. Woodrow
        Steven L. Woodrow

Sean P. Reis (SBN 184044)
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (714) 352-5200
Facsimile: (714) 352-5201
Email: sreis@edelson.com

Steven L. Woodrow (admitted *pro hac vice*)
Megan Lindsey (admitted *pro hac vice*)
EDELSON LLC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile: (312) 589-6378
Email: swoodrow@edelson.com
Email: mlindsey@edelson.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND BACKGROUND**

On March 4, 2013, Plaintiff Dennis Burton ("Burton") initiated this action against Defendant Nationstar Mortgage, LLC ("Nationstar"), alleging that Nationstar intentionally and systematically refused to honor permanent modification agreements ("PMAs") under the federal Home Affordable Modification Program ("HAMP"). (Dkt. 1.) On April 24, 2013, Nationstar moved to dismiss (Dkt. 8) and, following full briefing by the Parties, on May 23, 2013 the Court granted Nationstar's Motion to Dismiss with leave to amend (Dkt. 14). Specifically, the Court granted Plaintiff leave to plead additional facts to support his breach of contract, implied covenant, promissory estoppel, and fraud claims. (*Id.*) On June 15, 2013, Plaintiff filed his First Amended Complaint (Dkt. 15), and on July 8, 2013 Nationstar filed its Answer and Affirmative Defenses (Dkt. 16). On July 29, 2013, Burton moved to strike Nationstar's affirmative defenses (Dkt. 24), and on September 3, 2013 the Court granted in part Burton's motion to strike (Dkt. 29). Nationstar filed its First Amended Answer on September 20, 2013. (Dkt. 30.)

*Discovery into the Size and Scope of the Putative Class*

Conversations between the Parties began early in this case regarding the putative Class size and potential need to amend the Class definition. Class counsel Steven Woodrow and defense counsel Erik Kemp engaged in a meet and confer in April 2013, during which time Mr. Woodrow requested that Nationstar produce information regarding the number of borrowers who, like Plaintiff Burton, had PMAs that were signed by Nationstar but whose loans were never actually permanently modified. (*See* Declaration of Steven Woodrow, ¶ 2 attached as Exhibit 2.) Shortly thereafter, on May 16, 2013, Plaintiff Burton served Nationstar with his first set of interrogatories, first set of requests to produce, and first rule 30(b)(6) deposition notice. (*See id.* ¶ 3.) Five days later, on May 21, 2013, Plaintiff served Nationstar with deposition notices for five Nationstar employees. (*Id.*) On July 9, 2013, Nationstar served Plaintiff with objections to his Rule 30(b)(6) deposition notice, and on July 18, 2013 Nationstar served its objections and responses to Plaintiff's first set of interrogatories and requests to produce. (*Id.* ¶ 4.)

During meet and confers of counsel conducted in July and August 2013, Mr. Kemp explained that Nationstar had changed its procedure for "booking" and signing permanent modification agreements in January 2010. (*See* Aug. 19, 2013 Letter to E. Kemp, at 1, attached as Exhibit 3.) According to Mr. Kemp, Nationstar went from a "sign then book" process to a "book then sign process," meaning that as of January 2010 permanent modifications were supposedly put into effect before the Plaintiff received a signed copy. (*Id.*) Mr. Kemp further represented that Nationstar was in the process of identifying the number of borrowers in the putative Class. (*Id.*) In order to speed things along, Plaintiff requested that Nationstar produce proof regarding its changed procedure for "booking" and signing PMAs. (*Id.*)

During early August 2013, Mr. Woodrow informed Mr. Kemp that Plaintiff believed the Class definition included borrowers who experienced a delay between the modification effective date and the date when the permanent modification was actually booked. (*See* Aug. 7, 2013 Email Chain, attached as Exhibit 4.) As Burton alleged in his First Amended Complaint, his PMA had a Modification Effective Date of August 1, 2009 and was countersigned by Nationstar on October 9, 2009, (FAC, Dkt. 15, ¶ 28), but during the remainder of October, November, and December 2009 Nationstar failed to book, record or otherwise implement Mr. Burton's modification. (*See id.* ¶ 32.) Thus, Mr. Burton indicated that the Class definition should reasonably include other borrowers who, like him, were denied a timely permanent modification.

As of mid-September 2013, Nationstar represented that it was still in the process of manually reviewing its files to determine if any borrowers, besides Nationstar, fall within the scope of the proposed Class. (*See* Sept. 13, 2013 Letter to S. Woodrow, at 3, attached as Exhibit 5.) During the Parties' October 10, 2013 meet and confer, Mr. Kemp reported that Nationstar had conducted a file-by-file review and that no borrowers, besides Burton, fell within the Class of borrowers who received a permanent modification that was not ultimately booked. (*See* Oct. 11, 2013 Letter to E. Kemp, at 3, attached as Ex. 6.) Mr. Kemp acknowledged that the file-by-file review did not include or cover borrowers who had experienced a delay between the date when Nationstar signed their PMA and when the modification was actually booked by Nationstar. (*Id.*)

On or about October 18, 2013, Plaintiff served his second set of written discovery on Nationstar specifically requesting, among other things, that Nationstar produce a simple random sample of borrower files for 100 borrower who received signed PMAs from Nationstar prior to the date when Nationstar supposedly converted to the "sign then book" process for PMAs. (Woodrow Decl. ¶ 5.) On or about October 24, 2013, Mr. Kemp responded via letter that Nationstar believes certain information that Plaintiff seeks falls beyond the scope of the Class definition as written. (*See* Oct. 24, 2013 Letter to S. Woodrow, attached as Ex. 7.)

*Plaintiff Informs Nationstar that He Intends to Seek Leave to Amend the Complaint*

During the October 25, 2013 Status Conference, Plaintiff's counsel informed the Court that Plaintiff intends to seek leave to amend his First Amended Complaint, including the class definition. (*See* Dkt. 34.) The Court ordered that the Parties file a stipulation, or that Plaintiff move for leave to amend the complaint, by November 25, 2013. (*Id.*) On November 4, 2013, Mr. Woodrow sent Mr. Kemp an email informing him that Plaintiff intended to amend the class definition to read as follows:

> All homeowners nationwide who received permanent modification agreements signed by Nationstar from January 2009 through the present whose permanent modifications Nationstar did not book by the Effective Date stated in the PMA or by the day Nationstar executed the PMA, whichever is later.

(*See* Nov. 4, 2013 Email, attached as Exhibit 8.) On or about November 14, 2013, Mr. Kemp responded that Nationstar needed to review the entire proposed Second Amended Complaint to determine whether Nationstar will stipulate to leave to amend. (Woodrow Decl. ¶ 6.) On or about November 24, 2013, Plaintiff's counsel sent the Proposed Second Amended Complaint to Mr. Kemp, who confirmed that Nationstar would not stipulate to leave to amend. (*Id.* ¶7.)

Plaintiff Burton now moves the Court for leave to file a Second Amended Complaint in the form attached hereto as Exhibit 1.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(b)(2)[1], leave to amend pleadings "shall be

---

[1] The Court's July 25, 2013 Scheduling Order did not set a deadline for Plaintiff to amend the pleadings. (Dkt. 23.) Therefore, Plaintiff is not held to the "good cause" standard in Federal Rule

PLAINTIFF'S MOTION FOR LEAVE TO AMEND          3          CASE NO. 1:13-cv-00307-LJO-GSA

freely given when justice so requires." "This policy is to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 985 (9th Cir. 2011) (quotation omitted). Motions to amend under Rule 15 should be granted unless there is evidence of undue prejudice to the opposing party; undue delay, bad faith, or dilatory motive on the part of the movant; or if the proposed amendment is futile. *See, e.g., Hill v. Comcast Corp.*, No. 2:13-CV-00281-GEB, 2013 WL 3992185, at *1 (E.D. Cal. Aug. 2, 2013); *Owens v. Walgreen Co.*, No. CIV. 2:12-419 WBS, 2012 WL 2359996, at *1 (E.D. Cal. June 20, 2012). In deciding a motion for leave, the consideration of prejudice to the opposing party carries the greatest weight. *Hill*, 2013 WL 3992185, at *1. The party opposing an amendment has the burden of showing prejudice. *Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., Inc.*, No. 1:09-CV-00901 AWI, 2012 WL 718638, at *4 (E.D. Cal. Mar. 5, 2012). The Court may find prejudice exists only where amendments would "significantly hinder a defendant's ability to defend against the plaintiff's claims." *Owens*, 2012 WL 2359996, at *2; *see also Kingsburg*, 2012 WL 718638, at *4 ("Prejudice must be substantial to justify denial of leave to amend."). There is a presumption in favor of granting leave to amend absence prejudice or a strong showing of the remaining factors. *Hill*, 2013 WL 3992185, at *1.

Amending the First Amended Complaint, and in particular the Class definition, will not cause undue prejudice to Nationstar, nor do any of the other pertinent factor weigh against granting leave. As the record reflects, the Parties began discussing the Class scope and size early in this matter, and Plaintiff informed Nationstar as early as August 2013 that he believed borrowers who did not receive a timely permanent modification should be encompassed within the Class definition. (*See* Ex. 4 at 3.) In his Proposed Second Amended Complaint, Plaintiff's claims will continue to center on Nationstar's failure to provide a permanent modification after countersigning Plaintiff's PMA, and Burton has already pleaded that Nationstar failed to book his modification during October, November, and December 2009, despite having provided him with a

---

of Civil Procedure 16(b). *See Ash v. Bank of Am. Corp.*, No. 2:10-CV-02821-KJM, 2013 WL 5708597, at *1 (E.D. Cal. Oct. 15, 2013).

PMA with an effective date of August 1, 2009 that was countersigned by Nationstar on October 9, 2009. (FAC ¶¶ 28, 32.) Thus, the amended class definition will not "significantly hinder" Nationstar's ability to defend against Burton's claims or otherwise cause undue prejudice.

Plaintiff Burton also is not acting with undue delay, bad faith or dilatory motive, and his proposed amendment is not futile. As explained above, Mr. Woodrow first alerted Mr. Kemp in August 2013 that Plaintiff believed the class should include all persons who did not receive a timely modification. (*See* Ex. 4.) Since that time, Plaintiff has continued to seek information from Nationstar regarding the size of the current putative Class, and it wasn't until October 10, 2013 that Nationstar confirmed that there are no other members, besides Plaintiff Burton, in the current putative Class. (*See* Ex. 6 at 3.) Shortly thereafter, during the October 25, 2013 status hearing, Mr. Woodrow informed the Court that Plaintiff intended to seek leave to file a Second Amended Complaint and the Court established a deadline for the parties to file a stipulation or for Plaintiff to seek leave of Court. (Dkt. 34.) Therefore, Plaintiff is not acting with undue delay.

Further, Mr. Burton has already alleged facts to show that Nationstar failed to timely modify his loan, and Plaintiff reasonably believes that he and the other putative proposed Class members suffered damages as a result of Nationstar's failure to timely record or implement modifications. This is supported by a recent ruling in *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224 (1st Cir. 2013) wherein the court found plaintiff had alleged a breach of contract claim based on the lender's failure to provide plaintiff with a PMA prior to the modification effective date in plaintiff's trial plan. *Id.* at 235. Thus, Plaintiff has not acted in bad faith and his proposed amendment is not futile.

## III. CONCLUSION

Accordingly, this Court should grant Plaintiff leave to file a Second Amended Complaint in the form attached hereto as Exhibit 1 because none of the relevant factors weigh against granting leave. The proposed amendments will not cause Nationstar undue prejudice, Burton has not acted with undue delay, bad faith, or dilatory motive, and his proposed amendment is not futile.

1  WHEREFORE, Plaintiff Dennis Burton respectfully request that this Court grant his

2 Motion for Leave to Amend, and for such further relief as the Court deems just and proper.

Dated: November 25, 2013

Respectfully Submitted,

DENNIS BURTON, individually and on behalf of a Class of similarly situated individuals,

By: /s/ Steven L. Woodrow
      Steven L. Woodrow

Sean P. Reis (SBN 184044)
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (714) 352-5200
Facsimile: (714) 352-5201
Email: sreis@edelson.com

Steven L. Woodrow (admitted *pro hac vice*)
Megan Lindsey (admitted *pro hac vice*)
EDELSON LLC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4877
Facsimile: (312) 589-6378
Email: swoodrow@edelson.com
Email: mlindsey@edelson.com

**CERTIFICATE OF SERVICE**

I, Steven L. Woodrow, an attorney, hereby certify that I served *Plaintiff Burton's Motion for Leave to File Second Amended Complaint* by causing true and accurate copies of such papers to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 25th day of November 2013.

        /s/ Steven L. Woodrow