# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all other similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>          Defendant. | Case No.: 1:13-cv-00307 - LJO - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(Doc. 35) |

      Plaintiff Dennis Burton seeks leave to file a Second Amended Complaint to alter the class definition. (Doc. 35.) Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar") filed a statement of non-opposition to the motion on December 9, 2013. (Doc. 39.) The Court found the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and took the motion under submission on December 19, 2013. For the reasons set forth below, Plaintiff's motion for leave to file a Second Amended Complaint is **GRANTED**.

## I.    Relevant Procedural History

      Plaintiff initiated this action by filing a complaint on March 4, 2013, alleging Defendant had an "intentional and systematic failure to provide permanent loan modifications to borrowers to signed Permanent Modification Agreements… under the Home Affordable Modification Program." (Doc. 1 at 2). Plaintiff sought to bring the action on behalf of himself and "a class of similarly situated

homeowners across the nation," with a class including:

> All homeowners nationwide who had executed permanent modification agreements ("PMAs") with Nationstar from January 2008 through the present whose PMA Nationstar refused to honor by permanently modifying the borrowers' loans.

(*Id.* at 2, 9.) On April 24, 2013, Defendant filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (Doc. 8), which was granted in part by the Court on May 29, 2013 (Doc. 14.) The Court dismissed Plaintiff's claims for breach of contract, implied covenant, promissory estoppel, and fraud with leave to amend; his other claims were dismissed with prejudice. (Doc. 14 at 27.) In compliance with the Court's order, Plaintiff filed a First Amended Complaint on June 17, 2013, and Defendant filed its Answer on July 8, 2013. (Docs 15-16.) After Plaintiff filed a motion to strike Nationstar's affirmative defenses, Defendant filed a First Amended Answer on September 20, 2013. (Doc. 30.)

On November 25, 2013, Plaintiff filed the motion now pending before the Court, seeking to file a Second Amended Complaint. (Doc. 35.) He contends amendment of the class definition is warranted following discovery related to the size and scope of the putative class. (*Id.* at 3-4.) Plaintiff asserts the class claims "will continue to center on Nationstar's failure to provide a permanent modification after countersigning Plaintiff's PMA." (*Id.* at 6.) As such, Plaintiff argues that "the amended class definition will not 'significantly hinder' Nationstar's ability to defend against Burton's claims or otherwise cause undue prejudice." (*Id.* at 7.)

II. **Legal Standards for Leave to Amend**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed an answer on September 20, 2013 to Plaintiff's First Amended Complaint. Therefore, Plaintiff requires either consent of the defendants or leave of the Court to file an amended complaint.[1]

---

[1] Although Defendant has filed a notice of non-opposition to the motion, the parties did not file a stipulation for Plaintiff to file a Second Amended Complaint. According to Defendant's counsel, the proposed pleading was not provided with sufficient time for review prior to the deadline for a stipulation to be filed or for Plaintiff to file a motion to amend. (Doc. 39 at 2.)

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III.   Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### A.   Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended his complaint previously. *Allen*, 911 F.2d at 373. Here, the amendment sought is the would be the second amendment by Plaintiff. Previously, the Court warned that it "will grant Mr. Burton no further attempt to plead claims." (Doc. 14 at 28.) However, the proposed amendment relates to the scope of the class definition. Therefore, this factor does not weigh against amendment.

**B.     Undue delay**

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. In addition, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Here, Plaintiff argues he "is not acting with undue delay," because he first informed Defendant in August 2013 that he "believed the class should include all persons who did not receive a timely modification," and "[s]ince that time, Plaintiff … continued to seek information from Nationstar regarding the size of the current putative Class." (Doc. 35 at 7.) According to Plaintiff, "it wasn't until October 10, 2013 that Nationstar confirmed that there are no other members, besides Plaintiff Burton, in the current putative Class." (*Id.*) During a status conference with the Court on October 25, 2013, Plaintiff informed the Court that he intended to seek leave to file a Second Amended Compliant, and the Court set a deadline of November 25, 2013, with which Plaintiff complied. (*Id.*; *see also* Doc. 34.) Further, it does not appear the amendment would cause a delay in the litigation. Consequently, this factor does not weigh against amendment.

**C.     Bad faith**

Plaintiff asserts he requested the defendant stipulate to the filing of an amended complaint, but did not receive a response. (Doc. 35 at 5.) According to Defendant, the reason a stipulation was not filed was the delay in receiving the proposed Second Amended Complaint from Plaintiff. (Doc. 39 at 2.) Regardless, Plaintiff notified Defendant and the Court that he would seek to amend the pleading. Thus, Plaintiff did not act in bad faith, and this factor does not weigh against amendment.

**D.     Futility of Amendment**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion

4

for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846.

Plaintiffs assert amendment is not futile because "Plaintiff reasonably believes that he and the other putative proposed Class members suffered damages as a result of Nationstar's failure to timely record or implement modifications." (Doc. 35 at 7). Because Plaintiff does not seek to amend his claims and only the class definition, this factor does not weigh against amendment.

### E.     Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187. There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052. As noted above, Defendant does not oppose the motion to amend. Moreover, because Plaintiff has complied with deadline set forth by the Court, ample time remains for discovery on the class allegations. Therefore, this factor does not weigh against amendment.

## IV.     Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file a Second Amended Complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to amend (Doc. 35) is **GRANTED**; and
2. Plaintiff **SHALL** file his Second Amended Complaint within seven days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   **December 23, 2013**                **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE