UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC a Delaware limited liability company,<br><br>    Defendant. | Case No.: 1:13-cv-00307 - LJO - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 55) |

Plaintiff Dennis Burton seeks modification of the Court's Scheduling Order to permit additional time to complete non-expert class discovery and extend class certification deadlines. (Doc. 55.) Defendant Nationstar Mortgage, LLC, opposed modification of the Scheduling Order, arguing Plaintiff has not demonstrated diligence in conducting discovery. (Docs. 56-57.)

The Court found the matter suitable for decision without oral arguments, and took the matter under submission pursuant to Local Rule 230(g) on May 27, 2014. (Doc. 59.) Because Plaintiff has not demonstrated diligence in seeking discovery, Plaintiff's motion to modify the Scheduling Order is **DENIED**.

I.    **Relevant Procedural History**

Plaintiff initiated this action by filing a complaint on March 4, 2013, alleging Nationstar Mortgage, LLC had an "intentional and systematic failure to provide permanent loan modifications to

1 borrowers to signed Permanent Modification Agreements… under the Home Affordable Modification

2 Program." (Doc. 1 at 2.) Plaintiff sought to bring the action on behalf of himself and "a class of

3 similarly situated homeowners across the nation," with a class described as:

> All homeowners nationwide who had executed permanent modification agreements ("PMAs") with Nationstar from January 2008 through the present whose PMA Nationstar refused to honor by permanently modifying the borrowers' loans.

(*Id.* at 2, 9.) On April 24, 2013, Defendant filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (Doc. 8), which was granted in part by the Court on May 29, 2013 (Doc. 14.) The Court dismissed Plaintiff's claims for breach of contract, implied covenant, promissory estoppel, and fraud with leave to amend; his other claims were dismissed with prejudice. (Doc. 14 at 27.)

In compliance with the Court's order, Plaintiff filed a First Amended Complaint on June 17, 2013, and Defendant filed its Answer on July 8, 2013. (Docs 15-16.) Defendant filed a First Amended Answer on September 20, 2013. (Doc. 30.) In October 2013, Plaintiff propounded its second set of written discovery to which Defendant responded was beyond the scope of the class definition. (*See* Doc. 55 at 9.) Consequently, on November 25, 2013, Plaintiff filed a motion to amend the complaint to amend the class definition. (Doc. 35.) After the Court granted Plaintiff's motion (Doc. 43), he filed a Second Amended Complaint on December 29, 2013 (Doc. 45).

On February 4, 2014, the parties filed a joint request to extend the class certification deadlines previously set by the Court. (Doc. 48). Based upon the stipulation of the parties, the Court extended the deadline for filing a motion for class certification by seventy-five days. The parties were "ordered to complete all class discovery pertaining to non-experts on or before **May 2, 2014**, and all class discovery pertaining to experts on or before **June 9, 2014**." (Doc. 52 at 2.) Further, the Court ordered:

> No written discovery motions shall be filed without prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. … Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.
> In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

(*Id.* at 2, emphasis omitted.) The parties were informed that any further extensions of the deadlines

would require "**a showing of extraordinary good cause**." (*Id.* at 3-4, emphasis in original.)

The Court held a telephonic conference regarding the parties' discovery dispute on March 17, 2014. (Doc. 54.) The parties were unable to come to an agreement regarding the documents to produced, and Plaintiff was "authorized to file a motion that complies with Local Rule 251(c)." (*Id.*) Despite this explicit authorization to move to compel production of the discovery, Plaintiff failed to do so.

On May 1, 2014, Plaintiff filed the motion now pending before the Court, requesting the scheduling order be amended to allow more time for non-expert class discovery and to modify the remaining dates applicable to the motion for class certification. (Doc. 55.) According to Plaintiff, the extension is necessary "for Nationstar to complete its document production and for the Parties to resolve outstanding discovery issues." (*Id.* at 3.) Defendant opposes modification of the case schedule, arguing Plaintiff has not diligently conducted discovery in the time permitted, and fails to establish good cause for modification of the schedule. (Doc. 56.)

## II.     Scheduling Orders

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the

inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

### III. Discussion and Analysis

As an initial matter, the current deadlines related to the class certification motion were chosen by the parties in their stipulation to amend the deadlines. These dates dictated when discovery had to be completed. Notably, the need to extend these dates was due in large part to ongoing discovery disputes and the stipulation was filed in early February. (Doc. 48 at 2) Thus, ongoing discovery disputes is not a new problem in this case.

Plaintiff reports that Defendant was served with the first set of requests for production of documents, the first set of interrogatories, and a Rule 30(b)(6) deposition notice on May 16, 2013. (Doc. 55 at 7; Woodrow Decl. ¶2.) On May 21, 2013, Plaintiff "served Nationstar with deposition notices for five Nationstar employees." (*Id.*) Defendant objected to the deposition notices, and served its responses/objections to the discovery requests on July 18, 2013. (*Id.* at 8; Woodrow Decl. ¶3.) The Court issued an initial Scheduling Order on July 25, 2013, setting a briefing schedule for Plaintiff to file a motion for class certification no later than May 12, 2014. (Doc. 23.)

Plaintiff asserts that "[f]rom July through October 2013, counsel participated in numerous meet and confers regarding Nationstar's discovery responses." (Doc. 55 at 7.) In October 2013, Plaintiff re-noticed the 30(b)(6) deposition, "without a valid time, date, or location." (Doc. 56 at 7; *see also* Doc. 57-8.) In addition, Plaintiff served its second set of written discovery, which Defendant responded

4

sought information that was beyond the scope of the class definition. (Doc. 55 at 9.) Plaintiff informed Defendant that "he wished to resolve the document production issues prior to taking the 30(b)(6) deposition" on October 11, 2013. (Doc. 55 at 7.) Notably, Defendant "encouraged Plaintiff to take a 30(b)(6) deposition 'without prejudice to [Plaintiff's] right to later seek discovery' on particular document production issues." (Doc. 56 at 7 *quoting* Doc. 55-2 at 23.) However, "Plaintiff did not contact Nationstar regarding the 30(b)(6) deposition for the next *five months*." (Doc. 56 at 7, emphasis added.) In April 2014, Plaintiff re-noticed the deposition of one of Nationstar's employees, but did not re-notice the 30(b)(6) deposition. (*Id.* at 8.)

After Plaintiff amended the class definition, Defendant again "objected to Plaintiff's request for sampling as being burdensome [and] requiring a file-by-file review." (*Id.* at 10; Woodrow Decl. ¶5.) Despite the dispute festering, Plaintiff did not contact the Court for a telephonic conference until March 2014, several months after Defendant objected to the discovery requests.

Significantly, after the telephonic conference, the Court authorized Plaintiff to file a motion to compel on March 17, 2014. (Doc. 54.) However, Plaintiff did not file any such motion. Rather, Plaintiff waited more than *six weeks*— until the eve of the discovery deadline—to file a motion to amend the Scheduling Order, citing the discovery disputes as the reason for a continuance of the discovery deadlines and filing of the class certification motion.

This delay was made despite the fact that Local Rule 144(d) cautions parties against delaying until the last moment to seek extensions, stating:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action **as soon as the need for an extension becomes apparent**. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.

Emphasis added. Moreover, the Court's February 26, 2014 order read, "**The Court does not anticipate granting any further extensions of any deadlines set forth herein absent a showing of extraordinary good cause.**" (Doc. 52 at 4, emphasis in the original)

Nevertheless, Plaintiff fails to articulate any reason for the substantial delays in conducting discovery. Although Plaintiff asserts that he attempted to resolve disputes with Defendant regarding what discovery should be produced, weeks passed before Plaintiff would respond to Defendant's

objections.  Even after Defendant objected to Plaintiff's requests for production, on the same grounds as previously raised, Plaintiff did not contact the Court for several months to seek its assistance with resoling the discovery dispute.  Rather than demonstrating diligence, this conduct shows Plaintiff acted in a dilatory fashion, only truly pressing the issue once the deadline approached.  Moreover, given it was crystal clear at the telephonic conference held in March that the issue would not be resolved short of a motion to compel and given the more than nine months that have passed since the dispute arose, the Court cannot find Plaintiff acted with diligence.  Thus, there is not good cause—let alone the extraordinary good cause the Court required—for amending the case schedule.

## IV.     Order

On February 26, 2014, the Court informed the parties that it did not "anticipate granting any further extensions of any deadlines . . . absent a showing of extraordinary good cause." (Doc. 52 at 3-4, emphasis omitted.)  Here, Plaintiff has failed to make the requisite showing of good cause required by Rule 16.  Plaintiff fails to show both that the discovery issues could not have been reasonably foreseen or anticipated, or that he was diligent in seeking amendment of the case schedule "once it became apparent that [he] could not comply with the order."  *See Jackson*, 186 F.R.D. at 607.

Based upon the foregoing, **IT IS HEREBY ORDERED**:  Plaintiff's motion to amend the scheduling order (Doc. 55) is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 29, 2014**                      /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE