**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENNIS BURTON, on behalf of himself and all other similarly situated,** | **1:13-cv-00307 –LJO- JLT** |
| **Plaintiff,** | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 61)** |
| **v.** | |
| **NATIONSTAR MORTGAGE, LLC a Delaware limited liability company,** | |
| **Defendants.** | |

## I. INTRODUCTION

Currently before the Court is Dennis Burton's ("Plaintiff") motion for reconsideration filed on June 12, 2014. Doc. 61. Plaintiff requests reconsideration of the assigned Magistrate Judge's order issued on May 29, 2014, Doc. 60, which denied Plaintiff's motion to modify the scheduling order. Nationstar Mortgage, LLC ("Defendant") opposes the pending motion. Doc. 62. Having carefully considered the parties' submissions and the complete record in this case, the Court DENIES Plaintiff's motion for reconsideration.

## II. PROCEDURAL HISTORY

Plaintiff filed his initial complaint on March 4, 2013, alleging that Defendant violated the Federal Home Affordable Modification Program ("HAMP"); specifically that Defendant failed to timely honor permanent modification agreements ("PMAs") Defendant signed and delivered to borrowers. Doc. 1. Plaintiff sought to bring the action on behalf of himself and "a class of similarly situated homeowners." *Id*. On April 24, 2013, Defendant filed a motion to dismiss. Doc. 8. The Court granted this motion in part on May 29, 2013. On June 17, 2013, Plaintiff filed a First Amended Complaint to which Defendant responded on July 8, 2013. Docs. 15 and 16. On July 25, 2013 the then-assigned

Magistrate Judge Gary S. Austin held a scheduling conference and set a briefing schedule. Doc. 23.

Defendant filed a First Amended Answer on September 20, 2013. Doc. 30.

On November 26, 2013, the case was reassigned to Magistrate Judge Jennifer L. Thurston. Doc. 36. With the Court's permission, Plaintiff filed a Second Amended Complaint on December 29, 2013, which amended the class definition. Docs. 43 and 45. The Defendant answered the Second Amended Complaint on January 16, 2014. Doc. 46.

On February 5, 2014, the parties filed a joint request to extend the class certification deadlines. Doc. 48. The Magistrate Judge granted the requested extension but warned the parties that:

> The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadline contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Doc. 52 at 5. As the parties continued to have disputes regarding class certification and discovery, the Magistrate Judge held a telephonic conference on March 17, 2014. Doc. 54. The parties, however, were unable to come to an agreement regarding the production of documents. The court advised Plaintiff to file a "Joint Statement re Discovery Disagreement" in compliance with Local Rule 251(c). Doc. 54.

On May 1, 2014, Plaintiff filed a motion for a sixty-day extension in order to complete non-expert class discovery and to modify the remaining motion schedule for class certification. Doc. 55. Defendant opposed the extension on May 15, 2014. Doc 56. Plaintiff replied on May 22, 2014, and the Magistrate Judge issued its order denying the Motion on May 29, 2014. Docs. 58 and 60. The Magistrate Judge stated that "Plaintiff [] failed to make the requisite showing of good cause required by Rule 16[,] [and] fail[ed] to show both that the discovery issues could not have been reasonably foreseen or anticipated, or that he was diligent in seeking amendment of the case schedule 'once it became apparent that [he] could not comply with the order.'" Doc. 60 at 6.

Plaintiff filed the motion now pending before the Court requesting reconsideration of the

2

1  order denying the motion for extension on June 12, 2014. Doc. 61. Defendant submitted an

2  opposition on July 1, 2014, and Plaintiff responded on July 8, 2014. Docs. 62 and 64.

## III. FACTUAL BACKGROUND

In May 2009, Defendant entered into a Servicer Participation Agreement with Fannie Mae agreeing to participate in HAMP, a federal program designed to provide struggling homeowners with an opportunity to modify their home loan mortgages and avoid foreclosures. As a HAMP provider Defendant entered into PMAs with customers. Doc. 61.

On October 9, 2009, Defendant countersigned Plaintiff's HAMP PMA agreeing to modify the loan on Plaintiff's home in Bakersfield, California. Plaintiff made payments on his loan, as instructed by Defendant. Defendant, however, simultaneously sent Plaintiff notices of default and eventually referred Plaintiff's loan to foreclosure, without modifying Plaintiff's loan. In March 2010, Defendant foreclosed on Plaintiff's home. Doc. 61.

## IV. STANDARD OF DECISION

A party may serve and file objections to a non-dispositive pretrial order issued by a magistrate judge within fourteen days of being served with a copy of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*[1]  (emphasis added). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the

---

[1] The Court is further empowered by 28 U.S.C §636(b)(1)(A):

> A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Emphasis added.  This is also the standard adopted y by Local Rule 303. "The standard that the assigned Judge shall use in all such requests [for reconsideration by a District Judge] is the "clearly erroneous or contrary to law standard set forth in 28 U.S.C. §636(b)(1)(A)." E.D. Cal. L. R. 303(f).

1  definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,*

2  *N.C.,* 470 U.S. 564, 573 (1985).  The district court is given broad discretion in supervising the pretrial

3  phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be

4  disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.,* 975

5  F.2d 604, 607 (9th Cir. 1992).

6

7  ## V. <u>ANALYSIS</u>

8  Plaintiff argues that the Magistrate Judge committed "clear error" by (1) focusing on three

9  instances of delay without reviewing the reasons for delay (Doc. 61 at 13); (2) applying the standard that

10  required Plaintiff to act "as soon as the need for an extension became apparent" as it applied to

11  scheduling Rule 30(b)(6) depositions (Doc. 61 at 13); and (3) finding Plaintiff had not been diligent

12  because counsel failed to contact the Magistrate Judge earlier regarding sampling issues, filing a joint

13  discovery motion, or asking for additional time (Doc. 61 at 19).

14  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly

15  disregarded by counsel without peril…The pretrial scheduling order is designed to allow the district

16  court to better manage its calendar and to facilitate more efficient disposition of cases by settlement or

17  by trial." *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008). "A party

18  may only obtain a modification of a pretrial scheduling order upon a showing of good cause." *Irving v.*

19  *Cnty. of Sacramento*, 231 F. App'x 584, 585 (9th Cir. 2007)(internal citations and quotations omitted).

20
21
22
23
>When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order.

24

25  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). Plaintiff failed to

26  show that he met any of the three requirements set above. Plaintiff failed to follow the Magistrate

4

Judge's order to submit a Joint Statement Regarding Discovery Disagreement after the unsuccessful discovery conference held on March 17, 2014. Plaintiff also waited for several weeks to request an amendment of the Rule 16 order even though it was immediately apparent after the conference that more time would be needed to resolve discovery issues. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff failed to present evidence to the Magistrate Judge showing that he was diligent in his inquiry. Rather, in his motion for reconsideration, Plaintiff stated that he was in discussions with Defendant and awaiting discovery. Doc.61 at 9. Discussions regarding dispute resolution "do not, in and of themselves, arise to good cause for modifying a scheduling order." *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 1:11-CV-01273 LJO BAM, 2013 WL 1164941 (E.D. Cal. Mar. 20, 2013). Given the course of litigation, this was not an "unanticipated development." *Lehman Bros. Holdings, Inc. v. Golden Empire Mortgage, Inc.,* 1:09-CV-01018 LJO JLT, 2010 WL 2679907 (E.D. Cal. July 2, 2010). The Parties could not come to an agreement during the discovery dispute conference in the weeks prior, nor had Plaintiff complied with the Court's order to file a Joint Statement re Discovery Disagreement which would have aided in the resolution of the dispute. Doc. 60. Instead, Plaintiff waited until the discovery deadline to make a motion for an extension. Doc. 55. As the Magistrate Judge held

> Local Rule 144(d) cautions parties against delaying until the last moment to seek extensions, stating:
>
>> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Request for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.

Doc. 60 at 5.

Furthermore, "discovery disputes…are a common component of any civil matter and they should be anticipated…That this case became plagued with discovery disputes at the eleventh hour is [therefore] of no consequence and in no way excuses Plaintiff from its failure to conduct discovery diligently from the outset." *Gerawan Farming, Inc.*, 2013 WL 1164941. The assigned Magistrate Judge

1  previously warned the parties that they needed to resolve their ongoing disputes and that no further

2  extension would be given without a showing of good cause. The record is therefore sufficient to support

3  the Magistrate Judge's finding that Plaintiff did not act diligently in conducting discovery.

4       Plaintiff has failed to point to any legal error that would lead this court to believe that the

5  Magistrate Judge's denial was "clearly erroneous" or "contrary to law."  28 U.S.C. §636(b)(1)(A).

6                          **VI. <u>CONCLUSION AND ORDER</u>**

7       The Magistrate Judge's order denying Plaintiff's motion to amend the scheduling order is not

8  clearly erroneous or contrary to law. Plaintiff's motion for reconsideration is therefore DENIED.

9  IT IS SO ORDERED.

10  Dated:   **August 4, 2014**                 **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

6