## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similar situated, <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>NATIONWIDE MORTGAGE LLC., et al., <br><br>　　　　　　　Defendants. | Case No.: 1:13-cv-00307 LJO JLT <br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST TO SEAL DOCUMENTS <br><br>(Doc. 73) |

Before Court is the request, lodged by Defendants to seal portions of the Exhibit A which with is attached to the declaration of Erik Kemp. For the reasons set forth below, the request is **DENIED WITHOUT PREJUDICE**.

**I.    Legal Authority**

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

1

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth, procedurally, how a request to seal documents should proceed. First, the requesting party should file on the public docket a Notice of Request to Seal Documents, as was done here. L.R. 141(a). Concurrently with this filing, the requesting party must lodge a Request to Seal Documents which addresses the specific pages of the documents sought to be sealed, the information contained therein and explanation for why the information should be shielded from public view. L.R. 141(b). Ideally, at this time, Defendant would lodge also a proposed redacted copy of the documents with the confidential information obliterated. The email containing this lodged information must be copied to opposing counsel. Then, if there is no objection to the request to seal[1] (L.R. 141(c)), the Court must determine whether each of the pages of the document should be shielded from public view or to what extent they should be.

Notably, here, Defendant asserts that, "pursuant to paragraph 5 and 8 of the protective order, Nationstar is obligated to lodge these documents separately under seal." (Doc. 73 at 1) Though the Court recognizes Defendant's good motives in attempting to protect agreed-upon confidential information, Defendant has failed to demonstrate a compelling reason why the documents should be sealed; reference to a protective order fails to provide the Court a basis for determining the public interest in disclosure is outweighed.[2] Thus, in any renewed request, Defendant should focus its efforts

---

[1] Again, ideally, the request to seal will be a joint request. Though the Court cannot imagine that a party would object to having his or her private information filed under seal, the party is entitled to consider the request and object as needed.

[2] In the event that Defendant's request is granted ultimately, there will be a public filing of the documents with the sealed information redacted and a sealed, unredacted copy placed on the docket. If ordered, Defendant will be required to file the public version on the docket and the Court will file the sealed version.

on determining what information on the specific pages it wishes to be sealed and Defendant must explain what information should be sealed and why.  L.R. 141 (b).

Moreover, if Defendant renews the request, it must provide the Court *only* the particular pages of the particular document that are requested to be sealed.  L.R. 141(b).  As noted above, Defendant is concerned with 78 pages of the 150 pages provided to the Court.  Exactly why the extra 75 pages were provided is not clear.  The pages submitted with the request must be Bate stamped and "paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request." L.R. 141(b).  As necessary, Defendant should consult Local Rule 141 for the specifics on how to proceed.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' request to seal (Doc. 73) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **August 26, 2014**            /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE