UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similar situated, ) ) | Case No.: 1:13-cv-00307 LJO JLT |
| Plaintiffs, ) ) ) | ORDER GRANTING JOINT REQUEST TO SEAL DOCUMENTS |
| v. ) ) | (Doc. 75) |
| NATIONWIDE MORTGAGE LLC., et al., ) ) | |
| Defendants. ) | |

Before Court is the amended request, lodged by Defendants to seal portions of the Exhibit A which with is attached to the declaration of Erik Kemp.  Plaintiff joins in this request. For the reasons set forth below, the request is **GRANTED**.

**I.      Legal Authority**

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c).  The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Here, the parties seek sealing of documents related to Plaintiff's tax returns, including his social security number and that of his wife and other personal identifiers, such as dates of birth. Public disclosure of this information could subject the parties to fraud and would unnecessarily reveal private information. Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) ("[A] public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."); Gabel v. C.I.R., 134 F.3d 377 (9th Cir. 1998) (Social security numbers are part of tax return information and are confidential.) Thus, the Court finds a compelling need for this information to remain private.

Likewise, the parties seek to file under seal Plaintiff's credit report. This report contains information that, as with the tax returns, could subject the parties to fraudulent use of this "highly personal" information and there is no public interest in disclosure of this information. The Court finds this information is of the type that "traditionally been kept secret for important policy reasons." Kamakana, 447 F.3d at 1178 quoting Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Therefore, the Court finds a compelling need for this information not to be disclosed to the public.

///
///
///
///
///

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' request to seal (Doc. 75) is **GRANTED**.

IT IS SO ORDERED.

Dated: **September 4, 2014**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE