JOHN B. SULLIVAN (State Bar No. 96742)
ERIK KEMP (State Bar No. 246196)
MARY KATE KAMKA (State Bar No. 282911)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 1:13-cv-00307-LJO-JLT<br><br>**NATIONSTAR'S MOTION TO STRIKE NEW ARGUMENTS RAISED ON REPLY OR, ALTERNATIVELY, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:    October 6, 2014<br>Time:    9:00 a.m.<br>Crtrm.:   Bakersfield Ctrm.<br>Judge:   Hon. Jennifer L. Thurston<br><br>Jury Trial Demanded |

Defendant Nationstar Mortgage LLC moves to strike the new arguments raised for the first time in plaintiff Dennis Burton's reply in support of his motion for class certification (*see* Dkt. no. 80) or, alternatively, for leave to file a sur-reply to rebut the new arguments.

The reply brief raises at least four new arguments that were nowhere addressed in Burton's opening brief: (1) Burton argues that state-law variances are manageable and do not preclude certification of national class on the breach of contract claim (*see* Dkt. no. 80, at 2-3); (2) Burton proposes new multi-state classes on his breach of the implied covenant, promissory estoppel, and fraud claims and argues state-law variances do not preclude certification of those claims (*see id.* at 3-5); (3) Burton argues breach can be proven with common evidence because the HAMP modification agreement allegedly requires automatic modification by the effective date (*see id.* at

3, 7); and (4) Burton argues that he need not prove individual reliance on his promissory estoppel and fraud claims because reliance can be presumed. *See id.* at 8-9.

Each of these new arguments is improper. "A new argument cannot be raised for the first time in a reply brief." *Intrade Indus., Inc. v. Foreign Cargo Mgmt. Corp.*, 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *2 (E.D. Cal. Dec. 24, 2008) (citing cases). "New arguments cannot be raised in a reply brief because it disadvantages the opposing side." *City of Grass Valley v. Newmont Mining Corp.*, 2:04-CV-00149GEBDAD, 2007 WL 4197307, at *2 (E.D. Cal. Nov. 26, 2007). As the proponent of certification, Burton could have and should have raised each of the new arguments in his opening brief, thus giving Nationstar the opportunity to respond. Considering these arguments on reply would be fundamentally unfair to Nationstar, which is effectively denied the opportunity to respond by Burton's tardy attempt to address key issues on which he bears the burden of proof. The Court should, therefore, strike any arguments raised for the first time in Burton's reply brief.[1]

Alternatively, if the Court does consider the new arguments, Nationstar respectfully requests leave to file a sur-reply. Though sur-replies are not ordinarily permitted by the local rules (E.D. Cal. L.R. 78-230), a court has discretion to grant leave to file a sur-reply when the moving party raises new arguments for the first time in a reply brief. *See, e.g., Franklin v. Butler,* CIVS07656JAMKJMP, 2009 WL 2971577 (E.D. Cal. Sept. 11, 2009) *aff'd*, CIVS070656JAMKJMP, 2010 WL 55725 (E.D. Cal. Jan. 5, 2010); *Fanucchi v. Garrett*, CIV.S-07-608FCD GGH, 2008 WL 4866302, at * 2 n. 5 (E.D. Cal. Nov. 10, 2008)*; E. & J. Gallo Winery v. Andina Licores S.A.*, CV F 05-0101 AWI LJO, 2006 WL 1817097, at *1 (E.D. Cal. June 30, 2006).

Leave should be granted here to allow Nationstar to address Burton's improper new arguments. When Nationstar agreed not to oppose Burton's request to file an oversized reply

---

[1] *See, e.g., Ivory v. Tilton*, 1:09-CV-01272-AWI, 2012 WL 3870010, at *9 (E.D. Cal. Sept. 6, 2012); *City of Grass Valley*, 2007 WL 4197307, at *2; *Occhionero v. City of Fresno*, CVF051184AWISMS, 2006 WL 547977, at *9 (E.D. Cal. Mar. 3, 2006) ("The court cannot grant a motion based on a new argument presented for the first time in a reply brief.")

1  brief, it informed Burton it reserved its right to request leave to file a sur-reply if the reply brief
2  was used to make new arguments.  Burton indicated in his motion for leave to file an oversized
3  reply that he "would not oppose any such request."  *See* Dkt. no. 79, at 1.  Before filing this
4  motion, Nationstar conferred with Burton and confirmed that he would not oppose the filing of
5  sur-reply, though he did reserve the right to oppose the motion to strike after reviewing it.
6  Accordingly, Burton would not suffer any prejudice were leave to file a sur-reply granted.

7        A copy of Nationstar's proposed sur-reply is attached to this motion as Exhibit A.  Though
8  Nationstar disagrees with many other arguments and assertions in Burton's reply, it has limited its
9  proposed sur-reply to only the most significant arguments raised for the first time in the reply and
10 has attempted to address those arguments as concisely as possible.  If the Court grants Nationstar
11 leave to file the proposed sur-reply, Nationstar will file the sur-reply as a separate entry on the
12 docket.

13       For these reasons, Nationstar requests that the Court strike the new arguments addressed in
14 Burton's reply or, alternatively, grant it leave to file the attached sur-reply.

15 DATED:  September 16, 2014           SEVERSON & WERSON
                                        A Professional Corporation
16
17
18                                      By:   */s/ Erik Kemp*
                                              Erik Kemp
19
20                                      Attorneys for Defendant  NATIONSTAR MORTGAGE LLC