Samuel M. Lasser (SBN – 252754)
samlasser@hotmail.com
LAW OFFICE OF SAMUEL LASSER
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.994.9930
Fax: 415.776.8047

Steven L. Woodrow (admitted *pro hac vice*)
Megan Lindsey (admitted *pro hac vice*)
EDELSON LLC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4877
Facsimile: (312) 589-6378
Email: swoodrow@edelson.com
Email: mlindsey@edelson.com

*Counsel for Plaintiff* DENNIS BURTON

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BURTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | No: 1:13-cv-00307-LJO-JLT<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Scheduling Conf.: Dec. 17, 2014<br>9:30 a.m. |

In accordance with this Court's November 6, 2014 Order directing the Parties to file a joint further scheduling conference report by December 10, 2014 (Dkt. 88) the Parties, having met and conferred, submit the following:

    **a.**     **Any proposed amendment to the pleadings presently on file;**

The Parties do not anticipate any amendment to the pleadings presently on file.

    **b.**     **A proposed deadline for amendments to pleadings;**

Not applicable.

**c.      Whether additional discovery is needed as to Plaintiff's individual claims and, if so, a proposed deadline to complete this discovery;**

Additional discovery is needed with respect to Plaintiff Burton's individual claims. The Parties anticipate needing a period of ninety (90) days to complete all fact discovery. This period will also allow the Parties an opportunity to discuss an individual settlement. As a proposed deadline, all fact discovery would close on March 17, 2015.

**d.      Whether either party anticipates using the services of an expert as to Plaintiff's individual claims and, if so, deadlines by which experts must be disclosed and discovery completed as to experts;**

The Parties may use experts related to damages or other issues. Such discovery would commence at the close of the ninety (90) day fact-discovery period and would require a period of approximately sixty (60) days to complete. This period would last from March 18, 2015 to May 18, 2015. The parties propose that experts be disclosed on March 25, 2015, with any rebuttal experts to be disclosed by April 24, 2015.

**e.      The deadline by which non-dispositive and dispositive motions will be filed related to Plaintiff's individual claims. Dispositive motions must be filed at least seven weeks before the pretrial conference and non-dispositive motions must be filed at least six weeks before the dispositive motions unless the parties determine that the dispositive motion would not be impacted by any ruling on the non-dispositive motions;**

Non-dispositive motions must be filed by June 1, 2015.

Dispositive motions must be filed by July 13, 2015.

**f.      An estimate of the number of trial days required;**

Plaintiff believes a trial would last approximately three (3) days.  Defendant estimates the trial would take approximately 2-3 days.

**g.      The proposed trial date that should be at least 24 weeks after the close of discovery, if any;**

The Parties propose a trial date of December 7, 2015.

**h.      The proposed pretrial conference date that should be at least eight weeks before the trial date;**

The Parties propose a pretrial conference of October 5, 2015.

**i.      Because the District Judges dockets are extremely crowded, the parties should consider and address the issue of whether they are willing to consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. section 636(c).**

The Parties do not consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. section 636(c).

**j.      Whether either party requests bifurcation or phasing of trial, or any other suggestion for shortening or expediting discovery, pre−trial motions or trial.**

Plaintiff does not make any such request.  If Plaintiff intends to seek punitive damages on his fraud claim, Defendant requests that the Court bifurcate the issue of punitive damages from the other phases of trial.

**k.      Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.**

This matter is not related to any other matter pending in this court or any other court.

**l.      Joint Scheduling Reports are to be emailed, in Word format, to JLTorders@caed.uscourts.gov**

**m.      Any other matters counsel wish to bring to the Court's attention.**

The Parties are discussing settlement and hope to resolve the litigation.

Dated: December 10, 2014                Respectfully Submitted,

1   DENNIS BURTON,                                SEVERSON & WERSON
                                                  A Professional Corporation
2   By:   /s/ Steven L Woodrow_____            By:  /s/ Erik Kemp_____
    Steven L. Woodrow                            Erik Kemp
3
    Steven L. Woodrow (admitted *pro hac vice*)   Attorneys for Defendant Nationstar Mortgage
4   EDELSON PC                                    LLC
    999 West 18th Street, Suite 3000
5   Denver, Colorado 80202
    Telephone: (303) 357-4877
6   Facsimile: (312) 589-6378
    Email: swoodrow@edelson.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28